IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARK FITZ¸ GREYGUNS, INC., G4 ARCHERY, LLC, SECOND AMENDMENT FOUNDATION;** and **FIREARMS POLICY COALITION, INC.**, <br><br>Plaintiff**s**, <br><br>v. <br><br>**ELLEN ROSENBLUM,** in her official capacity as Attorney General of the State of Oregon; and **TERRIE DAVIE,** in her official capacity as Superintendent of the Oregon State Police, <br><br>Defendants. | Case No. 3:22-cv-01859-IM <br><br>**ORDER** |

**IMMERGUT, District Judge.**

Before this Court is a Motion for Temporary Restraining Order ("TRO") brought by Plaintiffs Mark Fitz, Grayguns, Inc., G4 Archery, LLC, the Second Amendment Foundation, and the Firearms Policy Coalition, Inc. (collectively "Plaintiffs"). ECF 6. Plaintiffs ask this Court for

PAGE 1 – ORDER

an order enjoining Ballot Measure 114 ("Measure 114"), which amends Oregon law to require individuals to obtain a permit before purchasing a firearm and by prohibiting the manufacture, transfer, sale, possession, and use of large-capacity magazines, defined as magazines that can accept more than ten rounds of ammunition, subject to certain exceptions. Measure 114 §§ 4, 11. Measure 114 is scheduled to take effect on December 8, 2022. *See* Or. Const. Art. IV, § 1(4)(d).

Plaintiffs in this case challenge only Measure 114's restrictions on large-capacity magazines and claim these restrictions violate their rights under the Second and Fourteenth Amendments. Plaintiffs do not challenge Measure 114's permit-to-purchase provision, the implementation of which this Court has stayed for thirty days following a request by Defendants. ECF 25. For the reasons stated below, Plaintiffs' Motion for a TRO is DENIED.

## BACKGROUND

This case, along with three other related cases pending before this Court, *see Oregon Firearms Federation et al. v. Brown et al.*, 2:22-cv-01815-IM; *Eyre et al. v. Rosenblum et al.*, 3:22-cv-01862-IM; *Azzopardi et al. v. Rosenblum et al.*, 3:22-cv-01869-IM, challenge the constitutionality of Measure 114, which was approved by a majority of Oregon voters in November of 2022. *Measure 114*, OREGON SECRETARY OF STATE, https://results.oregonvotes.gov/resultsSW.aspx?type=MEASURE&map=CTY (last visited Dec. 3, 2022). In the instant case, Plaintiffs challenge Measure 114's restrictions on large-capacity magazines as violating the Second and Fourteenth Amendments. ECF 1 at ¶¶ 57–63; ECF 6 at 2.

Plaintiffs submitted five declarations in support of their Motion for a TRO. ECF 7; ECF 8; ECF 9; ECF 10; ECF 11. Plaintiff Brandon Combs, President of Firearms Policy Coalition, Inc. ("FPC"), alleges that FPC members in Oregon own and possess ammunition magazines capable of holding more than ten rounds and are thereby impacted by Measure 114's regulation

of the purchase, possession, production, and sale of such magazines. ECF 7 at ¶¶ 2, 10. Plaintiff Alan Gottlieb, Executive Vice President of the Second Amendment Foundation ("SAF"), alleges that SAF's membership includes numerous individuals and businesses who will be harmed by the enforcement of Measure 114's regulation of the purchase, possession, production, sale, and transfer of magazines capable of holding more than ten rounds of ammunition. ECF 8 at ¶¶ 2, 8. Plaintiff Mark Fitz, a member of FPC and SAF, alleges that Measure 114 will harm him by making it so that he is no longer able to purchase large-capacity magazines in Oregon and by limiting how he can use his existing large-capacity magazines. ECF 9 at ¶¶ 3, 5–6. Plaintiff Bruce Gray, owner of Grayguns, Inc., a federally licensed firearm dealer, firearm parts manufacturer, and custom gunsmithing company located in Douglass County, Oregon, alleges that Measure 114 will inflict economic injury on his business by prohibiting the sale of large-capacity magazines to civilians. ECF 10 at ¶¶ 2, 7. Similarly, Plaintiff Jessica Harris, owner of G4 Archery, LLC, a federally licensed firearm dealer located in Washington County, Oregon, alleges that Measure 114 will inflict economic injury to her business by prohibiting the sale of large-capacity magazines to civilians. ECF 11 at ¶ 2, 7.

This Court heard argument on Plaintiffs' Motion on December 2, 2022. At that hearing, this Court also heard argument in a related case, *Oregon Firearms Federation et al. v. Brown et al.*, 2:22-cv-01815-IM.

## DISCUSSION

For the purposes of this Order, this Court adopts its reasoning as stated in the Court's Opinion and Order in *Oregon Firearms Federation et al.*, 2:22-cv-01815-IM, ECF 39. Accordingly, Plaintiffs' Motion for a Temporary Restraining Order, ECF 6, is DENIED. This Court finds that, at this stage, Plaintiffs have failed to carry their burden to show that the

"extraordinary remedy" of a TRO is warranted at this time. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). Specifically, Plaintiffs have failed to show that they are likely to succeed on the merits of their claim and that they would suffer immediate and non-speculative irreparable harm absent a TRO.

This Court briefly supplements its reasoning from *Oregon Firearms Federation et al.*, 2:22-cv-01815-IM, ECF 39, to address evidence cited by Plaintiffs in this case. As this Court held in *Oregon Firearms Federation*, Plaintiffs have failed to submit evidence, at this stage, to show that large-capacity magazines are "'in common use' . . . for lawful purposes like self-defense" such that they are protected by the Second Amendment. *Heller v. District of Columbia*, 554 U.S. 570, 624 (2008). Plaintiffs in the instant case rely largely on the *2021 National Firearms Survey*, in which 48% of respondents stated that they owned magazines capable of accepting more than ten rounds of ammunition. ECF 6 at 11–12. These owners self-reported the following reasons for owning these large-capacity magazines: target shooting (64.3%), home defense (62.4%), hunting (47%), and defense outside the home (41.7%). *Id.* at 13. However, as discussed in depth in this Court's Opinion and Order in *Oregon Firearms Federation*, Defendants have presented substantial conflicting evidence to support the claim that large-capacity magazines are rarely used in practice in self-defense situations. *Oregon Firearms Federation et al.*, 2:22-cv-01815-IM, ECF 39. At this stage, this Court finds that Plaintiffs' have not met their burden to show a likelihood of success on their claim that Measure 114's large-capacity magazine restrictions are unconstitutional.

Likewise, Plaintiffs have failed, at this stage, to show an immediate threat of irreparable harm absent a TRO. Plaintiffs allege two main sources of harm: that Plaintiffs will not be able to purchase large-capacity magazines due to Measure 114's restrictions, and that businesses will

suffer economic harm due to Measure 114's prohibition on selling large-capacity magazines to civilians in Oregon. *See, e.g.*, ECF 9 at ¶¶ 5, 6; ECF 10 at ¶ 7. Plaintiffs have not submitted evidence to show that these harms are immediate, rather than speculative. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1982) (the requirement of irreparable injury "cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged. . ."); *see also Caribbean Marine Services Co., Inc. v.* Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (holding that a "speculative" injury does not constitute irreparable harm); *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980) (holding that plaintiffs bear the "burden of demonstrating immediate threatened injury as a prerequisite to preliminary injunctive relief."). Plaintiffs' conclusory statements that they wish to purchase large-capacity magazines at some point in the future are speculative and insufficient to support a finding of irreparable harm. This Court recognizes that Measure 114 does not prohibit Plaintiffs from continuing to purchase or possess magazines capable of accepting ten or fewer rounds and to keep the large-capacity magazines they already own for the purposes articulated in Measure 114.

Moreover, Plaintiffs have failed to demonstrate at this stage that they are likely to suffer immediate and irreparable harm that cannot be addressed by monetary awards in the future should they prevail in this litigation. *See Los Angeles Mem'l Coliseum Comm'n*, 634 F.2d at 1202 ("[M]onetary injury is not normally considered irreparable."). It is not ordinarily considered irreparable harm for a plaintiff to suffer an injury that can later be remedied with damages. *See Rent–A–Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("It is true that economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award.").

**CONCLUSION**

For the reasons stated in this Court's Opinion and Order in *Oregon Firearms Federation et al.*, 2:22-cv-01815-IM, ECF 39, and supplemented briefly above, Plaintiffs' Emergency Motion for a TRO, ECF 6, is DENIED. Nevertheless, Plaintiffs are entitled to a prompt hearing to determine whether a preliminary injunction should issue based on a more complete evidentiary record addressing whether there is a likelihood of success on the merits under the Second and Fourteenth Amendments. The parties are ordered to confer and propose a briefing schedule to this Court by December 7, 2022.

**IT IS SO ORDERED.**

DATED this 6th day of December, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge