Shawn M. Lindsay
shawn@jurislawyer.com
JurisLaw LLP
Three Centerpointe Drive, Suite 160
Lake Oswego, OR 97035
Telephone: (503) 968-1475
  *Attorney for Eyre Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>KATE BROWN, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-01815-IM *(Lead Case)*<br>Case No. 3:22-cv-01859-IM *(Trailing Case)*<br>Case No. 3:22-cv-01862-IM *(Trailing Case)*<br>Case No. 3:22-cv-01869-IM *(Trailing Case)*<br><br>CONSOLIDATED CASES<br><br>**SECOND DECLARATION OF KEVIN CAMPBELL** |
| MARK FITZ, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>　　　　　　　Defendants. | |
| KATERINA B. EYRE, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>　　　　　　　Defendants. | |
| DANIEL AZZOPARDI, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>　　　　　　　Defendants. | |

I, Kevin Campbell, declare and state the following.

1. I am a resident of Keizer, Oregon, am over 18 years of age, and have personal knowledge of the matters stated herein.

2. I am the Executive Director of the Oregon Association of Chiefs of Police ("OACP") and I am authorized to speak and testify on its behalf.

3. OACP is a 501(c)(3) nonprofit corporation, dedicated to supporting Oregon police chiefs. There are 125 municipal police agencies that are members of OACP.

4. Ballot Measure 114 makes each county sheriff and police chief a "permit agent" for its jurisdiction. Whether a Chief of Police can defer their obligations under Ballot Measure 114 to the county sheriff is unclear, thus OACP assumes the police chief will remain responsible within their jurisdiction.

5. Within days following the passage of Ballot Measure 114, and in partnership with the Oregon State Police ("OSP") and the Oregon State Sheriffs' Association ("OSSA"), OACP embarked on an effort to create a permit-to-purchase process that meets Ballot Measure 114's requirements. Creating the detailed permit-to-purchase process is the first step in a series of steps necessary to ensure that a permit system is in place and that police agencies are trained, equipped, and staffed to receive and process applications. OACP, in partnership with OSSA, will endeavor to create additional resources and technical assistance to aid local police agencies as they work to implement the process and requirements of Ballot Measure 114.

6. A steering committee comprised of leaders from each of the three groups was formed to guide an implementation process, and two workgroups that include subject matter experts from local police agencies and sheriff's offices were tasked with developing a statewide, legally sound, step-by-step permit-to-purchase process that all Oregon police chiefs and sheriffs can utilize. Both workgroups have met numerous times and are making progress, but clarifications from state and federal agencies are necessary before the workgroups can complete their work and finalize the application process.

7. A workgroup of subject matter experts tasked with creating a process for the in-person demonstration of an applicant's ability to lock, load, unload, fire and store a firearm has completed their work. Their recommended process will be considered by OACP and OSSA leadership the first week of January. The process attempts to address accommodations for persons with disabilities who wish to purchase a firearm but can't perform aspects of the demonstration required by the measure. Every effort was made to ensure compliance with the Americans with Disabilities Act. Ballot Measure 114 is silent regarding this issue.

8. Before the Ballot Measure 114 permit-to-purchase process can be operational, the Federal Bureau of Investigation ("FBI") must authorize OSP to submit fingerprints

to run the federal fingerprint background checks through the National Instant Background System (NICS) that are required by Ballot Measure 114. According to OSP leadership, during a meeting on December 21, 2022, the FBI has not authorized submission of fingerprints for this purpose. Until that issue is resolved, no permit-to-purchase applications in Oregon can be processed.

9. OSP estimates there will be approximately 300,000 new permits issued in the first year after Ballot Measure 114 takes effect. OACP believes that few if any of OACP's 125 member agencies have sufficient staffing or resources to process and issue the applications and permits. The permit-to-purchase process in Ballot Measure 114 is modeled after Oregon's existing concealed handgun licensing program. Municipal, Port, University and Tribal police chiefs in Oregon have never been responsible for issuing concealed handgun licenses, and do not have the infrastructure, personnel, or processes in place to accommodate the permit-to-purchase process required by Ballot Measure 114. Furthermore, OACP believes that the $65 per permit fee authorized by Ballot Measure 114 is inadequate to cover the costs that will be incurred by police agencies to implement the permit process. According to OSP Firearm Instant Check System ("FICS") Unit, OSP's cost to process fingerprints and background checks for each application is $45, a cost OSP indicates they plan to pass on to local permit agents. The remaining $20 from each application will not come close to covering the cost to local police agencies for hiring dedicated personnel and other costs associated with the permitting process.

10. OACP believes it is important to note that the cost to properly staff and support a permit-to-purchase process is most problematic for the more than sixty municipal police agencies in Oregon that have ten or fewer sworn officers. In many of these agencies, the Chief of Police handles patrol shifts and provides backup to his or her police officers. Many of these small agencies (and their larger counterparts) are facing workforce shortages that strain their ability to fulfill their basic public safety mission, responding to and preventing crime. Even before the current hiring crises, Oregon had one of the lowest number of police officers per thousand population in the nation. These workforce realities make fulfilling the requirements of Ballot Measure 114 and thus issuing permits to qualifying Oregonians very challenging if not impossible.

11. OSP has notified OACP and OSSA that a system for electronic transfer of permit applications and the submission of fingerprints to and from OSP does not currently exist. As a result, all transfers of a permit application from a police agency to OSP must be on paper via courier or mail delivery. This will increase the cost of the process and further slow the permit process.

12. Ballot Measure 114 requires permit-to-purchase applicants to provide proof of very specific training requirements that can be done online and through a live demonstration. OSSA has developed an online course which covers the subject areas required by Ballot Measure 114 that is available through their website. As

12. mentioned previously, the process for the live demonstration portion of the requirement is in draft form and is pending review by OACP and OSSA leadership.

13. Many smaller agencies do not issue firearms but require their officers to purchase their own firearms for use as duty weapons. OACP is concerned that it will cause serious disruptions to some of our member agencies if their newly hired officers suffer long delays in purchasing a firearm.

14. OACP does not believe a statewide permit-to-purchase system as directed by Ballot Measure 114 can be operational in the near future.

15. I make these statements in support of the Plaintiffs' motion to preliminary enjoin Ballot Measure 114.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this 4th day of January, 2023.

Kevin L. Campbell