James L. Buchal, OSB No. 921618
E-mail: jbuchal@mbllp.com
MURPHY & BUCHAL LLP
P.O. Box 86620
Portland, OR  97286
Tel:  503-227-1011
*Attorney for Plaintiffs Azzopardi et al.*

THE HONORABLE KARIN J. IMMERGUT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., *et al*., <br><br> Plaintiffs, <br> v. <br><br> KATE BROWN, *et al.,* <br><br> Defendants. | Case No. 2:22-cv-01815-IM (Lead Case) <br> 3:22-cv-01859-IM (Trailing Case) <br> 3:22-cv-01862-IM (Trailing Case) <br> 3:22-cv-01869-IM (Trailing Case) |
| MARK FITZ, *et al*., <br><br> Plaintiffs, <br> v. <br><br> ELLEN F. ROSENBLUM <br><br> Defendants. | **THE *AZZOPARDI* PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION** |
| KATERINA B. EYRE, *et al*., <br><br> Plaintiffs, <br> v. <br><br> ELLEN F. ROSENBLUM <br><br> Defendants. | |
| DANIEL AZZOPARDI, *et al*., <br><br> Plaintiffs, <br> v. <br><br> ELLEN F. ROSENBLUM <br><br> Defendants. | |

THE *AZZOPARDI* PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR A PRELIMINARY INJUNCTION

**SUPPLEMENTAL MEMORANDUM OF LAW**

**Introduction**

In *Wrenn v. District of Columbia*, the D.C. Circuit summarized the holding of *District of Columbia v. Heller* in this way:  "[I]f the [Second] Amendment is for law-abiding citizens *as a rule*, then it must secure gun access at least for each *typical* member of that class."  864 F.3d 650, 665 (D.C. Cir. 2017). Last term, in *New York State Rifle & Pistol Association, Inc. v. Bruen*, the Supreme Court confirmed that reading of the Amendment, holding that New York had to provide to "law-abiding citizens with ordinary self-defense needs," a method for public carrying of firearms.  142 S. Ct. 2111, 2156 (2022).  Under the permit-to-purchase provisions of Oregon's Measure 114, ordinary Oregonians must acquire a permit before they can acquire firearms as the Second Amendment entitles them to do. But there is a problem with the current state of play: acquiring a permit involves completing training, submitting to a background check, and having an application processed by a designated "permitting agent"—and Oregon can currently do *none* of those things.  So whatever the constitutional merits or infirmities of the permit-to-purchase regime when it is functioning in full swing, it is plainly unconstitutional today, when it acts as a complete ban on the acquisition of firearms by ordinary Oregonians.  This Court must preliminarily enjoin enforcement of the permit-to-purchase provision until such a time as the system is fully operative and capable of issuing permits in a timely manner across the State.

**Argument**

In its decision denying Plaintiffs' request for a temporary restraining order, the Court explained that "[w]ith respect to Plaintiffs' facial challenge" it adopted its reasoning from the *Oregon Firearms Federation* case and then ordered that Measure 114's permit requirement would be stayed for 30 days, also consistent with its order in that case. *See* Order, *Azzopardi v.*

THE *AZZOPARDI* PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION

*Rosenblum*, 3:22-cv-01869, Doc. 17, at 2 (Dec. 7, 2022).  Since that decision was entered, the parties have agreed that the permit requirement should remain stayed until March 7, 2023.

Plaintiffs submit this brief supplement to their memorandum of law supporting their motion for a preliminary injunction, *see* Pl.'s Emergency Mots. for a TRO & Prelim. Inj., *Azzopardi v. Rosenblum,* 3:22-cv-01869, Doc. 2 (Dec. 2, 2022), to clarify the basis on which they are seeking a preliminary injunction and to apprise the Court of the current state of the permit requirement's implementation.

First, Plaintiffs have raised only an as-applied challenge against Measure 114's permitting process.  Plaintiffs have not claimed that Oregon cannot have *any* permitting requirement for the purchase of firearms, only that it cannot insist on such a requirement when ordinary, law-abiding Oregonians have no reasonable opportunity to acquire such a permit.  As we explained in our Complaint:  "Whether or not the permit requirement is unconstitutional as a facial matter (a question which this suit does not address), what certainly is unconstitutional is requiring a *non-existent permit* to exercise a fundamental constitutional right."  Compl., *Azzopardi v. Rosenblum*, 3:22-cv-01869, Doc. 1, at ¶ 1 (Dec. 2, 2022).  The Court, in its TRO decisions, did not address this as-applied challenge.

Second, Plaintiffs' as-applied challenge is on as firm a footing today as it was when it was filed in December.  If anything, the roadblocks to implementation are more clear now than they were then.  The Oregon State Police has notified the sheriffs and police chiefs who will have to review permit applications that there is no existing electronic infrastructure for processing permits, so sheriffs will have to run an almost entirely paper-based system to process applications and fingerprints and communicate with the OSP about them.  Second Decl. of Jason Myers at ¶ 6 (Jan. 6, 2023) ("Myers Decl."); Second Decl. of Kevin Campbell at ¶ 11 (Jan. 6,

THE *AZZOPARDI* PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION

2023) ("Campbell Decl."). Even once the OSP receives paper fingerprint cards from the sheriffs, they currently are unable to do anything with them, because the FBI has so far denied the OSP the ability to run federal fingerprint background checks as required by Measure 114. Myers Decl. at ¶ 7. And still today there is no approved method for demonstrating in-person competence with a firearm as required by Measure 114. *Id.* at ¶ 10. In fact, there is no accepted step-by-step application process at all. Campbell Decl. at ¶ 6. Perhaps the lack of any method for completing the application process explains the fact that just 932 individuals (as of January 3, 2023) have so far completed the only approved online training course that satisfies the non-in-person training requirements of Measure 114. Myers Decl. at ¶ 12. As of January 3, 2023, there was still *no one in Oregon* who could satisfy the requirements of Measure 114 and lawfully purchase a firearm if the permit requirement were allowed to go into effect. *Id.* at ¶ 13.

While no permits have been (or could have been) issued yet, the OSP expects a demand for 300,000 new permits to be issued in the first year the permitting process is operational, but (a) no one knows when it will be operational and (b) the demands of 300,000 applications on sheriffs and police chiefs across the state virtually guarantees the system will be overcapacity from the beginning. *Id.* at ¶¶ 13-15. The Oregon State Sheriffs Association estimates that "the number of permits processed in the first months [of operation] will likely be in the hundreds" and it "does not believe there is any realistic possibility that local permit agents will be able to process anywhere near 300,000 permits in a single year." *Id.* at ¶ 15.

What these implementation problems add up to is a certain violation of Plaintiffs' Second Amendment rights if the permit-to-purchase provision is allowed to go into effect before ordinary Oregonians have had the opportunity to receive a permit. *See Bruen*, 142 S. Ct. at 2122. This is irreparable harm justifying an injunction. That there is currently a state court injunction

THE *AZZOPARDI* PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR A PRELIMINARY INJUNCTION

against this provision does not alter the irreparable harm calculus.  "[O]verlapping injunctions appear to be a common outcome of parallel litigation, rather than a reason for the Court to pass on exercising its duty to determine whether litigants are entitled to relief."  *California v. Health & Hum. Servs.*, 390 F. Supp. 3d 1061, 1065-66 (N.D. Cal. 2019) (holding "the existence of another injunction—particularly one in a different circuit that could be overturned or limited at any time—does not negate Oregon's claimed irreparable harm").  This is because as long as the state court injunction is merely preliminary, as is the case here, there is always the possibility that the state court injunction will be dissolved or overturned, and the State will subsequently enforce the law against the Plaintiffs.  *See, e.g., Edgar v. MITE Corp.*, 457 U.S. 624 (1982) (refusing to hold that interim preliminary injunctive relief immunizes a plaintiff from later prosecution if state law is later upheld).  For this reason, the Ninth Circuit routinely adjudicates appeals of preliminary injunctions even where there are other federal courts concurrently enjoining enforcement of the same law.  *See, e.g.*, *Hawaii v. Trump*, 859 F.3d 741 (9th Cir. 2017) (adjudicating appeal of injunction blocking an executive order even though the Fourth Circuit had already upheld a nationwide injunction of that order in *International Refugee Assistance Project v. Trump*, 857 F.3d 554 (4th Cir. 2017)).  This Court should do the same here.

## Conclusion

For the foregoing reasons and those contained in Plaintiffs' initial motion for a preliminary injunction, this Court should preliminarily enjoin the permit-to-purchase provisions of Measure 114.

THE *AZZOPARDI* PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR A PRELIMINARY INJUNCTION

Dated:  January 6, 2023.               Respectfully submitted,

_s/  James L. Buchal_
James L. Buchal, OSB No. 921618
E-mail:  jbuchal@mbllp.com
MURPHY & BUCHAL LLP
P.O. Box 86620
Portland, OR  97286
Tel:  503-227-1011

Derek Angus Lee, OSB No. 213139
Email: angus@angusleelaw.com
ANGUS LEE LAW FIRM, PLLC
9105a NE Hwy 99, Ste 200
Vancouver, WA  98665
Tel:  360-635-6464

Adam Kraut*
PA Bar No. 318482
E-mail:  akraut@saf.org
SECOND AMENDMENT FOUNDATION
12500 N.E. Tenth Place
Bellevue, Washington 98005
Tel:  (800) 426-4302

William Sack*
PA Bar No. 325863
E-mail:  wsack@FPClaw.org
FIREARMS POLICY COALITION
5550 Painted Mirage Road STE 320
Las Vegas, NV 89149
Tel:  (916) 596-3492

*Pro Hac Vice*

*Attorneys for Azzopardi Plaintiffs*

THE *AZZOPARDI* PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR A PRELIMINARY INJUNCTION

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2023, the foregoing *AZZOPARDI* **PLAINTIFFS'**

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR A**

**PRELIMINARY INJUNCTION** (trailing consolidated case no. 3:22-cv-01869-IM) will be

electronically mailed to all parties enrolled to receive such notice in lead case no. 2:22-cv-01815-

IM and in the trailing consolidated case nos. Case No. 3:22-cv-01859-IM, 3:22-cv-01862-IM,

and 3:22-cv-01869-IM.


*s/  James L. Buchal*
James L. Buchal, OSB No. 921618
*Attorney for Azzopardi Plaintiffs*

THE *AZZOPARDI* PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR A PRELIMINARY INJUNCTION