Shawn M. Lindsay
shawn@jurislawyer.com
JurisLaw LLP
Three Centerpointe Drive, Suite 160
Lake Oswego, OR 97035
Telephone: (503) 968-1475
  *Attorney for Eyre Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>KATE BROWN, et al.,<br><br>        Defendants. | Case No. 2:22-cv-01815-IM *(Lead Case)*<br>Case No. 3:22-cv-01859-IM *(Trailing Case)*<br>Case No. 3:22-cv-01862-IM *(Trailing Case)*<br>Case No. 3:22-cv-01869-IM *(Trailing Case)*<br><br>CONSOLIDATED CASES<br><br>**PLAINTIFFS' JOINT SUBMISSION ON RULE 706 WITNESSES** |
| MARK FITZ, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>        Defendants. | |
| KATERINA B. EYRE, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>        Defendants. | |
| DANIEL AZZOPARDI, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>ELLEN F. ROSENBLUM, et al.,<br><br>        Defendants. | |

PLAINTIFFS' JOINT SUBMISSION ON RULE 706 WITNESSES

Pursuant to this Court's Order (Dkt. 63) adopting the parties' proposed briefing schedule set forth in the December 20, 2022 Joint Status Report (Dkt. 61), Plaintiffs in the four above-captioned cases hereby present this submission "on Rule 706 witness(es)." *See* Dkt. 61 at 15.

Rule 706 of the Federal Rules of Evidence authorizes a court, "[o]n a party's motion or on its own," to "order the parties to show cause why expert witnesses" in addition to each "party['s] … own experts" "should not be appointed" by the Court. Fed. R. Evid. 706(a), (e). There is neither need nor warrant for the Court to appoint experts pursuant to Rule 706 in this case. As the United States—the party charged with defending federal firearms restrictions—recently explained, "even where a comprehensive application of the Supreme Court's text-and-history standard is necessary" to resolve a challenge to a law or regulation implicating the Second Amendment, the "correct[]" course is for the court to "resolve[]" the case "based on materials compiled by the parties." Submission Addressing the Need for a Court-Appointed Historian at 8, *United States v. Bullock*, No. 3:18-cr-00165-CWR-FKB (S.D. Miss. Dec. 12, 2022), Dkt. 71 ("USG *Bullock* Br.").

That is so for a number of reasons. First, the government bears the burden to support its firearm restrictions with history, and the courts should not be in the business of doing one party's work for it. Under *Bruen*, when a state (or the federal government) regulates conduct that is covered by the plain text the Second Amendment, "*the government must affirmatively prove* that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2127 (2022) (emphasis added). "Only" if the government can "identify a well-established and representative historical analogue" to the regulation it seeks to defend, *id.* at 2133, "may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command,'" *id.* at 2130 (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10 (1961)). If the government

fails to present sufficient historical support, *Bruen* instructs that the government loses. Courts should not go out of their way to do the government's job.

*Bruen* could not be clearer about this. The Supreme Court said over and over again that the government shoulders the burden of justifying a restriction on Second Amendment rights by proving that a longstanding American tradition supports that restriction:

- "[T]*he government must demonstrate* that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126.

- "[T]*he government must affirmatively prove* that its firearms regulation is part of the historical tradition." *Id.* at 2127.

- "*The government must then justify* its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130.

- "[A]nalogical reasoning requires … that *the government identify* a well-established and representative historical analogue." *Id.* at 2133.

- "[T]*he burden falls on respondents* [the government] to show that New York's proper-cause requirement is consistent with this Nation's historical tradition of firearm regulation. Only if respondents carry that burden can they show that the pre-existing right codified in the Second Amendment … does not protect petitioners' proposed course of conduct." *Id.* at 2135.

- "[T]he historical record compiled by respondents does not demonstrate a tradition of broadly prohibiting the public carry …. [R]*espondents have failed to meet their burden* to identify an American tradition justifying New York's proper-cause requirement." *Id.* at 2138.

Page 2   PLAINTIFFS' JOINT SUBMISSION ON RULE 706 WITNESSES

- "[A]gain, *the burden rests with the government* to establish the relevant tradition of regulation." *Id.* at 2149 n.25.

- "Of course, we are not obliged to sift the historical materials for evidence to sustain New York's statute. *That is respondent's burden.*" *Id.* at 2150.

- "[W]e conclude that *respondents have not met their burden* to identify an American tradition justifying the State's proper-cause requirement." *Id.* at 2156.

(Emphases added.)

Second, and relatedly, the evidence relevant to that historical inquiry does not consist of "facts concerning the conduct of parties in a particular case ('adjudicative facts')." *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012); *see* Fed. R. Evid. 201(a). That explains why, even though *Heller* and *Bruen* both came to the Supreme Court on decisions granting motions to dismiss, and in both cases government parties urged the Court not to rule on the ultimate merits and instead to send the cases back down to the lower courts for more factual development, the Court simply reviewed the relevant historical materials as presented by the parties to determine the scope of the right and decide whether the regulations at issue were consistent with it.

Finally, a court-appointed expert would be at odds with *Bruen*'s express admonition that the historical analysis it requires is governed by the same "principle of party presentation" as any other legal question. *Bruen*, 142 S. Ct. at 2130 n.6. As the Court explained, "[t]he job of judges is not to resolve historical questions in the abstract; it is to resolve *legal* questions presented in particular cases or controversies." *Id.* "That 'legal inquiry is a refined subset' of a broader 'historical inquiry,' and it relies on 'various evidentiary principles and default rules' to resolve uncertainties." *Id.* (quoting William Baude & Stephen E. Sachs, *Originalism and the Law of the Past*, 37 L. & Hist. Rev. 809, 810-811 (2019)). Because courts are still, at bottom, resolving cases

or controversies, not engaging in generic inquiries into the meaning of the Constitution, a court-appointed expert separate from the record compiled by the parties has no appropriate role to play.

In sum: Under *Bruen*, *Heller*, and our system of party presentation, a court's analysis is confined to the historical record before it. A court-appointed expert may not expand that record. The Court should not appoint any experts pursuant to Federal Rule of Evidence 706.

Respectfully submitted,

DATED: January 13, 2023

Paul D. Clement[*]
Erin E. Murphy[*]
Matthew D. Rowen[*]
Nicholas M. Gallagher[*]
Clement & Murphy, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900

[*] admitted *pro hac vice*

s/ Shawn M. Lindsay
Shawn M. Lindsay (OR Bar #020695)
JurisLaw LLP
Three Centerpointe Drive
Suite 160
Lake Oswego, OR 97035
(503) 968-1475

*Counsel for Eyre Plaintiffs*

DATED: January 13, 2023

s/ Leonard W. Williamson
Leonard W. Williamson (OR Bar #910020)
Van Ness Williamson

DATED: January 13, 2023

s/ Stephen J. Joncus
Stephen J. Joncus (OR Bar #013072)
Joncus Law P.C.

*Counsel for Oregon Firearms Federation Plaintiffs*

DATED: January 13, 2023

s/ Derek Angus Lee
Derek Angus Lee (OR Bar # 213139)
Angus Lee Law Firm, PLLC

DATED: January 13, 2023

s/ James L. Buchal
James L. Buchal (OR Bar # 921618)
Murphy & Buchal LLP

*Counsel for Fitz and Azzopardi Plaintiffs*

Page 4   PLAINTIFFS' JOINT SUBMISSION ON RULE 706 WITNESSES

|  |  |
|---|---|
| DATED: January 13, 2023 | s/ William V. Bergstrom<br>William V. Bergstrom (*pro hac vice*)<br>Cooper & Kirk, PLLC<br><br>*Counsel for Fitz Plaintiffs* |
| DATED: January 13, 2023 | s/ Adam Kraut<br>Adam Kraut (*pro hac vice*)<br>Second Amendment Foundation |
| DATED: January 13, 2023 | s/ William Aaron Sack<br>William Aaron Sack (*pro hac vice*)<br>Firearms Policy Coalition<br><br>*Counsel for Azzopardi Plaintiffs* |

Page 5     PLAINTIFFS' JOINT SUBMISSION ON RULE 706 WITNESSES