Jessica A. Skelton, OSB #102714
jessica.skelton@pacificalawgroup.com
PACIFICA LAW GROUP LLP
1191 2nd Avenue, Suite 2000
Seattle, WA 98101-3404
206-245-1700

*Attorney for Intervenor-Defendant*
*Oregon Alliance for Gun Safety*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al.,<br><br>　　　　　　Plaintiffs,<br>　v.<br>KATE BROWN, et al.,<br>　　　　　　Defendants. | Case No. 2:22-cv-01815-IM *(Lead Case)*<br>Case No. 3:22-cv-01859-IM *(Trailing Case)*<br>Case No. 3:22-cv-01862-IM *(Trailing Case)*<br>Case No. 3:22-cv-01869-IM *(Trailing Case)*<br><br>CONSOLIDATED CASES |
| MARK FITZ, et al.,<br><br>　　　　　　Plaintiffs,<br>　v.<br>ELLEN F. ROSENBLUM, et al.,<br>　　　　　　Defendants. | **INTERVENOR-DEFENDANT OREGON ALLIANCE FOR GUN SAFETY'S RESPONSE TO PLAINTIFFS' BRIEF REGARDING JURISDICTION** |
| KATERINA B. EYRE, et al.,<br><br>　　　　　　Plaintiffs,<br>　v.<br>ELLEN F. ROSENBLUM, et al.,<br>　　　　　　Defendants. | |
| DANIEL AZZOPARDI, et al.,<br><br>　　　　　　Plaintiffs,<br>　v.<br>ELLEN F. ROSENBLUM, et al.,<br>　　　　　　Defendants. | |

ALLIANCE'S RESPONSE TO PLTFS.' MOTION REGARDING JURISDICTION

## RESPONSE

Intervenor-Defendant Oregon Alliance for Gun Responsibility (the "Alliance") joins State Defendants' Response to Plaintiffs' Brief Regarding Jurisdiction, ECF 131. The Alliance agrees with State Defendants that the Oregon Supreme Court's order in *Arnold v. Kotek*, No. SC S069998 (Or. Feb. 9, 2023), precludes Plaintiffs from establishing an immediate or imminent irreparable injury, which is a prerequisite to preliminary injunctive relief. ECF 131 at 3; *see also* ECF 61 at 13–14 (setting forth Alliance's same position in joint status report) (collecting cases). The Alliance also agrees with State Defendants—and with Plaintiffs, albeit for different reasons—that the *Arnold* case does not moot this action *in its entirety* because, as State Defendants explain, the Oregon Supreme Court's denial of mandamus relief is not a final disposition. ECF 131 at 3.

While a case or controversy still exists for Article III purposes, Plaintiffs' *motions* for preliminary injunctive relief are now moot. This accords with the well-established principle that "[i]f full relief is accorded by another tribunal—whether judicial, administrative, arbitral, or a combination—a proceeding seeking the same relief is moot." Wright & Miller, 13B *Federal Practice & Procedure* § 3533.2.1 & nn. 6–10 (3d ed.) (footnotes deleted) (collecting cases). Thus, numerous "courts have dismissed requests for injunctive relief as moot where an injunction issued by another court granting the same relief had already been issued." *Cayuga Nation ex rel. Cayuga Nation Council v. Parker*, No. 5:22-cv-00128(BKS/ATB), 2022 WL 1813882, at *8 (N.D.N.Y. June 2, 2022) (collecting cases); *see also SEC v. Zenergy Int'l, Inc.*, 430 F. Supp. 3d 384, 390 (N.D. Ill. 2019) ("[A] request for a permanent injunction generally becomes moot when another court awards effectively identical relief.") (collecting cases). For that reason, the Alliance respectfully requests that the Court deny without prejudice Plaintiffs' motions for preliminary injunction as moot.

DATED this 9th day of February, 2023.

          PACIFICA LAW GROUP LLP

          *s/ Jessica A. Skelton*
          Jessica A. Skelton, OSB #102714
          Zachary J. Pekelis, *Pro Hac Vice*
          Kai A. Smith, *Pro Hac Vice*
          W. Scott Ferron, *Pro Hac Vice*

          *Attorneys for Intervenor-Defendant*
          *Oregon Alliance for Gun Safety*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of February, 2023, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to all parties who are registered with the CM/ECF system.

DATED this 9th day of February, 2023.

_____
Sydney Henderson