Jessica A. Skelton, OSB #102714
jessica.skelton@pacificalawgroup.com
PACIFICA LAW GROUP LLP
1191 2nd Avenue, Suite 2000
Seattle, WA 98101-3404
206-245-1700

*Attorney for Intervenor-Defendant*
*Oregon Alliance for Gun Safety*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al., | Case No. 2:22-cv-01815-IM *(Lead Case)* |
| Plaintiffs, | Case No. 3:22-cv-01859-IM *(Trailing Case)* |
| | Case No. 3:22-cv-01862-IM *(Trailing Case)* |
| v. | Case No. 3:22-cv-01869-IM *(Trailing Case)* |
| TINA KOTEK, et al., | CONSOLIDATED CASES |
| Defendants, | |
| and | INTERVENOR-DEFENDANT OREGON ALLIANCE FOR GUN SAFETY'S ANSWER TO *OFF* PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| OREGON ALLIANCE FOR GUN SAFETY, | |
| Intervenor-Defendant. | |

MARK FITZ, et al.,

Plaintiffs,

v.

ELLEN F. ROSENBLUM, et al.,

Defendants.

KATERINA B. EYRE, et al.,

Plaintiffs,

v.

ELLEN F. ROSENBLUM, et al.,

Defendants,

and

OREGON ALLIANCE FOR GUN
SAFETY,

                    Intervenor-Defendant.

DANIEL AZZOPARDI, et al.,

                    Plaintiffs,

        v.

ELLEN F. ROSENBLUM, et al.,

                    Defendants.

Intervenor-Defendant Oregon Alliance for Gun Safety (the "Alliance") answers Oregon Firearms Federation Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief (the "Complaint"), ECF 86, as follows:

1.      Paragraph 1 contains characterizations of this action and legal conclusions and argument to which no response is required. To the extent a response is required, the Alliance denies the same.

2.      The Alliance admits that some unknown number of Americans own magazines that have an overall capacity of more than 10 rounds of ammunition, which Oregon Ballot Measure 114 ("Measure 114") defines as "large-capacity magazines." The Alliance further admits that some Americans own firearms with or capable of accepting LCMs. Except as expressly admitted above, the remaining allegations in Paragraph 2 consist of subjective characterizations and legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

3.      The Alliance further admits that some unknown number of Americans own LCMs, some of whom use them for lawful purposes while others use them for illicit and illegal purposes. Except as expressly admitted above, the remaining allegations in Paragraph 3 contains legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

4.      Paragraph 4 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

5.      Paragraph 5 contains legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

6.      Paragraph 6 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

7.      Paragraph 7 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

8.      Paragraph 8 consists of subjective characterizations and legal conclusions or argument, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

9.      Paragraph 9 consists of subjective characterizations, legal conclusions or argument, and descriptions of the relief Plaintiffs seek, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

10.      Paragraph 10 contains legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

## PARTIES

11.      The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, which shall have the effect of a denial.

12.      The Alliance is Paragraph 12 contains legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

13.      The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and fourth sentences of Paragraph 13, which shall have the effect of a denial. The second and third sentences of Paragraph 13 consist of legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

14.     The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, which shall have the effect of a denial.

15.     The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, which shall have the effect of a denial.

16.     The Alliance admits the first sentence of Paragraph 16. The Alliance denies the second sentence of Paragraph 16. The Alliance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, which shall have the effect of a denial.

17.     The Alliance admits the first sentence of Paragraph 17. The Alliance denies the second sentence of Paragraph 17. The Alliance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, which shall have the effect of a denial.

18.     The Alliance admits the first sentence of Paragraph 18. The Alliance denies the second sentence of Paragraph 18. The Alliance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, which shall have the effect of a denial.

19.     The Alliance admits the first sentence of Paragraph 19. The Alliance denies the second sentence of Paragraph 19. The Alliance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, which shall have the effect of a denial.

20.     The Alliance admits the first sentence of Paragraph 20. The Alliance denies the second sentence of Paragraph 20. The Alliance is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 20, which shall have the effect of a denial.

21.    The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, which shall have the effect of a denial.

22.    The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, which shall have the effect of a denial.

23.    With respect to the first sentence of Paragraph 23, the Alliance admits that Kate Brown was governor of Oregon when the Complaint was filed. Defendant Tina Kotek was sworn in as governor on January 9, 2023. The remaining allegations of Paragraph 23 consist of legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

24.    The Alliance admits the first sentence of Paragraph 24. The Alliance further admits that the Attorney General's main office is in Salem, Oregon. The remaining allegations of Paragraph 24 consist of legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

25.    With respect to the first sentence of Paragraph 25, the Alliance admits that Terrie Davie was the superintendent of the Oregon State Police ("OSP") when the Complaint was filed. Defendant Casey Codding was appointed OSP superintendent on or about February 13, 2023. The Alliance further admits that OSP's general headquarters are in Salem, Oregon. The remaining allegations of Paragraph 25 consist of legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

## ALLEGATIONS

26.    The Alliance denies the heading, "Magazine size is a critical component of self defense." The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, which shall have the effect of a denial.

27.    With respect to the first and second sentences of Paragraph 27, the Alliance admits that most instances of defensive gun use do not involve shots being fired. Except as expressly admitted above, the remaining allegations in Paragraph 27 consist of subjective characterizations to which no response is required, but to the extent a response is required, the Alliance denies the same.

28.    The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, which shall have the effect of a denial.

29.    The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, which shall have the effect of a denial.

30.    The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, which shall have the effect of a denial.

31.    The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, which shall have the effect of a denial.

32.    The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, which shall have the effect of a denial.

33.    Paragraph 33 consists of legal conclusions or argument to which no response is require. To the extent a response is required, the Alliance denies the same.

34.    The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 34, which shall have the

effect of a denial. The remaining allegations in Paragraph 34 consist of subjective characterizations, hypothetical opinions, and legal conclusions or argument, none of which requires a response, but to the extent a response is required, the Alliance denies the same.

35.     The first and second sentence of Paragraph 35 consist of subjective characterizations and matters of pure opinion, neither of which requires a response, but to the extent a response is required, the Alliance denies the same. The Alliance denies the third sentence of Paragraph 35.

36.     The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, which shall have the effect of a denial.

37.     The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, which shall have the effect of a denial.

38.     The Alliance denies the first sentence of Paragraph 38. The Alliance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38, which shall have the effect of a denial.

39.     The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, which shall have the effect of a denial.

40.     The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, which shall have the effect of a denial.

41.     The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, which shall have the effect of a denial.

42.     The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, which shall have the effect of a denial.

43.     The Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 43, which shall have the effect of a denial. The remaining allegations in Paragraph 43 consist of subjective characterizations, hypothetical opinion, or argumentative assertions, none of which requires a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same.

44.     Paragraph 44 consists of subjective characterizations, hypothetical opinions, and argumentative assertions, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

45.     Paragraph 45 consists of subjective characterizations, hypothetical opinions, and argumentative assertions, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

46.     The first and second sentences of Paragraph 46 consist of subjective characterizations, hypothetical opinions, and argumentative assertions, none of which requires a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same. The Alliance admits the third through twelfth sentences in Paragraph 46 and further notes that, in most of the mass shootings referenced, the perpetrators used LCMs.

47.     Denied.

48.     The Alliance denies the final sentence of Paragraph 48. The newspaper article quoted in the penultimate sentence of Paragraph 48 speaks for itself. The Alliance denies all allegations, inferences, and characterizations in Paragraph 48 inconsistent with the cited article. The Alliance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48.

49.     Paragraph 49 consists of subjective characterizations, hypothetical opinions, and generalized argumentative assertions, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

50.     The Alliance admits that many Oregon law enforcement agencies issue service pistols with detachable LCMs to their officers for use while on duty, which Measure 114 allows them to continue to do. The remaining allegations in Paragraph 50 consist of subjective characterizations, hypothetical opinions, and generalized argumentative assertions, none of which requires a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same.

51.     Paragraph 51 consists of subjective characterizations, hypothetical opinions, and generalized argumentative assertions, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

52.     Paragraph 52 consists of subjective characterizations, hypothetical opinions, and generalized argumentative assertions, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

53.     Paragraph 53 consists of subjective characterizations, hypothetical opinions, and generalized argumentative assertions, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same. The Alliance specifically denies the allegations that Measure 114 will "have no effect in reducing casualties due to intentional mass murder" and that those engaging in lawful self-defense "will be severely disadvantaged by Measure 114 in terms of their ability to lawfully protect themselves and others."

54.     Paragraph 54 consists of subjective characterizations, hypothetical opinions, and generalized argumentative assertions, none of which requires a response by way of factual

pleading. To the extent a response is required, the Alliance denies the same. The Alliance specifically denies the allegation that persons with disabilities will be "disparately, negatively impacted by Measure 114."

55.     The Alliance denies the heading, "Measure 114 will do nothing to deter criminal activity or prevent mass shootings." Paragraph 55 consists of subjective characterizations, hypothetical opinions, and generalized argumentative assertions, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

56.     Paragraph 56 consists of subjective characterizations, hypothetical opinions, and generalized argumentative assertions, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

57.     Paragraph 57 consists of subjective characterizations, hypothetical opinions, and generalized argumentative assertions, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

58.     Paragraph 58 consists of subjective characterizations, hypothetical opinions, and generalized argumentative assertions, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same. The Alliance specifically denies the allegations that "[l]imiting the number of rounds available" in a magazine to ten rounds "decreases one's chances of suriv[ing]" a "criminal attack" and that "a firearm's ammunition capacity is directly related to its suitability for self-defense."

59.     Paragraph 59 consists of subjective characterizations, hypothetical opinions, and generalized argumentative assertions, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

60.    Paragraph 60 consists of subjective characterizations, hypothetical opinions, and generalized argumentative assertions, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same. The Alliance specifically denies that "[b]y limiting law-abiding citizens to 10 rounds in a magazine, Measure 114 increases the advantages that criminals have in a confrontation."

61.    Paragraph 61 consists of subjective characterizations, hypothetical opinions, and generalized argumentative assertions, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same. The Alliance specifically denies the allegation that a "person could easily" need more than ten rounds of ammunition for lawful armed self-defense.

62.    The Alliance denies the first sentence of Paragraph 62. The second sentence of Paragraph 62 consists of subjective characterizations, hypothetical opinions, and generalized argumentative assertions, none of which requires a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same

63.    The Alliance denies the heading, "Multiple 10 round magazines are no substitute for conventional magazines." Paragraph 63 consists of subjective characterizations, hypothetical opinions, and generalized argumentative assertions, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

64.    The final two sentences of Paragraph 64 consist of subjective characterizations, hypothetical opinions, and generalized argumentative assertions, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 64, which shall have the effect of a denial.

65.     Paragraph 65 consists of subjective characterizations, hypothetical opinions, and generalized argumentative assertions, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

66.     Paragraph 66 consists of subjective characterizations, hypothetical opinions, and generalized argumentative assertions, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

67.     The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 67, which shall have the effect of a denial.

68.     The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 68, which shall have the effect of a denial.

69.     Paragraph 69 consists of subjective characterizations and generalized argumentative assertions, neither of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

70.     The Alliance denies the heading, "Measure 114 effectively bans almost all magazines and shotguns." The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 70, which shall have the effect of a denial.

71.     The Alliance admits the third sentence of Paragraph 71. The Alliance denies the remaining allegations in Paragraph 71.

72.     Denied.

73.     The Alliance denies the heading, "Sheriffs will be less able to protect themselves under Measure 114." The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 73, which shall have the effect of a denial.

74.     Paragraph 74 consists of subjective characterizations and generalized argumentative assertions, neither of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

75.     The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in the first through third sentences of Paragraph 75, which shall have the effect of a denial. The remainder of Paragraph 75 consists of subjective characterizations, generalized argumentative assertions, and legal conclusions or argument, none of which requires a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same.

76.     The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 76, which shall have the effect of a denial.

77.     The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 77, which shall have the effect of a denial.

78.     The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 78, which shall have the effect of a denial.

79.     The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 79, which shall have the effect of a denial.

80.     The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 80, which shall have the effect of a denial.

81.     The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 81, which shall have the effect of a denial.

82.     The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 82, which shall have the effect of a denial.

83.     The Alliance denies the heading, "The permit system functions as a complete ban on new firearm owners." Paragraph 83 consists of subjective characterizations, hypothetical opinions, and legal conclusions or argument, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

84.     The Alliance denies the heading, "The required permit system cannot be implemented in the foreseeable future." The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 84, which shall have the effect of a denial.

85.     The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 85, which shall have the effect of a denial.

86.     The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 86, which shall have the effect of a denial.

87.     The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 87, which shall have the effect of a denial.

88.     The Alliance denies the heading, "Repeating firearms were well known at the Founding." The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 88, which shall have the effect of a denial.

89.     The Alliance admits that, to the extent weapons capable of firing more than ten rounds existed before the 20th century, they were experimental, unusual, impractical, unreliable, prohibitively expensive, or otherwise not analogous to modern firearms equipped with LCMs— and thus unlikely to necessitate government regulation. Except as expressly admitted above, the Alliance denies the remaining allegations in Paragraph 89. The Alliance specifically denies that 17th- or 18th-century firearms capable of firing more than ten rounds without reloading were

widely owned in the United States or nearly as dangerous as modern firearms equipped with LCMs. The Alliance specifically denies that all 18th century "firearm laws were directed towards restricting access to enslaved, Native, and free Black peoples as well as other people of color."

90.    The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 90, which shall have the effect of a denial.

91.    The first sentence of Paragraph 91 consists of subjective characterizations and argumentative assertions, neither of which require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same. The Alliance admits that, to the extent weapons capable of firing more than ten rounds existed in the 18th century, they were experimental, unusual, impractical, unreliable, prohibitively expensive, or otherwise not analogous to modern firearms equipped with LCMs—and thus unlikely to necessitate government regulation. The Alliance admits that a correspondence between Joseph Belton and the Continental Congress exists, but there are no historical records showing that his multi-shot firearm was ever actually tested or supplied, and the Continental Congress's order was cancelled. The Alliance admits that the Girardoni air rifle was a multi-shot firearm in existence in the 18th century, but it required numerous strokes of a hand pump to charge, they were not manufactured in large quantities, and very few ever made it to the United States. Except as expressly admitted above, the Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 91, which shall have the effect of a denial.

92.    In answer to Paragraph 92, the Alliance incorporates its response to Paragraph 91. Except as expressly admitted above, the Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 92, which shall have the effect of a denial.

93.     In answer to Paragraph 93, the Alliance incorporates its response to Paragraph 91. Except as expressly admitted above, the Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 93, which shall have the effect of a denial.

94.     Paragraph 94 consists of subjective characterizations, hypothetical opinions, and argumentative assertions, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

95.     Paragraph 95 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

96.     The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 96, which shall have the effect of a denial.

97.     The Alliance denies the first and final sentences of Paragraph 97 and specifically denies the suggestion that AR-15-style rifles are the "best" or "most effective" weapon for self-defense in the home. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in the second sentence of Paragraph 97, which shall have the effect of a denial. The remainder of Paragraph 97 consists of subjective characterizations and hypothetical opinions, neither of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

98.     The Alliance admits that, to the extent weapons capable of firing more than ten rounds existed before the 20th century, they were experimental, unusual, impractical, unreliable, prohibitively expensive, or otherwise not analogous to modern firearms equipped with LCMs—and thus unlikely to necessitate government regulation. The Alliance specifically denies that 19th-

century firearms capable of firing more than ten rounds without reloading were nearly as dangerous as modern firearms equipped with LCMs. For example, unlike modern semi-automatic firearms with detachable LCMs, the Winchester 1892 rifle was a multi-shot firearm that required users to operate a lever after firing each shot to load a new round into the chambers—a time-consuming process. The Alliance lacks sufficient knowledge or information to form a belief about the truth of any remaining allegations in Paragraph 45, which shall have the effect of a denial.

99.    The Alliance admits that, unlike modern semi-automatic firearms with detachable LCMs, the Winchester 1873 rifle was a multi-shot firearm with had tubular magazines that were permanently affixed to the barrel of the gun and required users to operate a lever after firing each shot to load a new round into the chambers—a time-consuming process. The Alliance lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 99, which shall have the effect of a denial.

100.    The Alliance admits that, unlike modern semi-automatic firearms with detachable LCMs, the 1860 Henry rifle was a multi-shot firearm with tubular magazines that were permanently affixed to the barrel of the gun and required users to operate a lever after firing each shot to load a new round into the chambers—a time-consuming process. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remainder of the remaining allegations in Paragraph 100, which shall have the effect of a denial.

101.    In answer to Paragraph 101, the Alliance incorporates its answer to Paragraph 100. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remainder of the remaining allegations in Paragraph 101, which shall have the effect of a denial.

102.    The Alliance admits that, unlike modern semi-automatic firearms with detachable LCMs, the Winchester 1894 rifle required users to operate a lever after firing each shot to load a

new round into the chambers—a time-consuming process. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 49, which shall have the effect of a denial.

103.    The Alliance admits that the Marlin Model 60 did not begin production until around the 1960s. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 103, which shall have the effect of a denial.

104.    The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 104, which shall have the effect of a denial.

105.    The Alliance admits that in 1718 James Puckle patented a nine-round, giant, tripod-mounted "Puckle gun," which was never widely produced, difficult and expensive to manufacture, unreliable, and ridiculed by contemporaries for its impracticality; users would have to crank or rotate the cylinder by hand between shots. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 105, which shall have the effect of a denial.

106.    The Alliance lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 106, which shall have the effect of a denial.

107.     The Alliance lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 107, which shall have the effect of a denial.

108.    The Alliance lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 108, which shall have the effect of a denial.

109.    The Alliance lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 109, which shall have the effect of a denial.

110.    Exhibit B attached to the Complaint appears to be a list of firearms and speaks for itself. The Alliance is lacks sufficient knowledge or information to form a belief about the truth of the second sentence of Paragraph 110, which shall have the effect of a denial. The remainder of Paragraph 110 consists of legal conclusions or argument, which do not require a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same.

111.    Paragraph 111 consists of subjective characterizations or legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

112.    The Alliance denies the heading, "Magazines are an integral part of firearm." The Alliance admits that magazines are used with some firearms and that, while some firearms require a magazine to operate, they do not require an LCM to operate. Except as expressly admitted above, the Alliance lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 112, which shall have the effect of a denial.

113.    In answer to Paragraph 113, the Alliance incorporates its answer to Paragraph 112. The Alliance lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 113, which shall have the effect of a denial.

114.    The Alliance lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 114, which shall have the effect of a denial.

115.    The Alliance denies the first sentence of Paragraph 115. The Alliance lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 115, which shall have the effect of a denial.

116.    The Alliance denies the heading, "An injunction is necessary." Paragraph 116 consists of legal conclusions or argument, which does not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

117.    Paragraph 117 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

## JURISDICTION

118.    The Alliance admits that the Court has subject matter jurisdiction. The Alliance denies that Plaintiffs are entitled to relief under § 1983 or to any relief whatsoever.

119.    The Alliance admits that the Court has subject matter jurisdiction. Except as expressly admitted above, the Alliance denies any remaining allegations in Paragraph 119.

## CLAIMS FOR RELIEF

### COUNT ONE
### (Second Amendment – "Permit-to-Purchase" Regime)

120.    The Alliance incorporates its responses as set forth above.

121.    The Alliance admits that Paragraph 121 quotes a portion of the text of *New York State Rifle and Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), which speaks for itself.

122.    Paragraph 122 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

123.    Denied.

124.    Denied.

125.    Paragraph 125 consists of subjective characterizations and legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

126.    The Alliance admits that Paragraph 126 quotes a portion of the text of *Bruen*, which speaks for itself. The remainder of Paragraph 126 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

127.    Denied.

128.    Denied.

129.    The Alliance admits that Paragraph 129 quotes portions of Measure 114's text, which speaks for itself. The reminder of Paragraph 129 consists of legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

130.    The Alliance denies the first, penultimate, and final sentences of Paragraph 130. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 130, which shall have the effect of a denial.

131.    Paragraph 131 consists of subjective characterizations, hypothetical opinions, and legal conclusions or argument, none of which require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

132.    Paragraph 132 consists of subjective characterizations, hypothetical opinions, and legal conclusions or argument, none of which requires a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

133.    The Alliance denies the final sentence of Paragraph 133. The Alliance lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133, which shall have the effect of a denial.

134.    Denied.

135.    Denied.

## COUNT TWO
### (Due Process Clause – "Permit-to-Purchase" Regime)

136.    The Alliance incorporates its responses as set forth above.

137.    Paragraph 137 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

138.    The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in the second, third, and fourth sentences of Paragraph 138, which shall have the effect of a denial. The remainder of Paragraph 138 consists of subjective characterizations, hypothetical opinions, and legal conclusions or argument, none of which requires a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same.

## COUNT THREE
### (Second Amendment – "Large Capacity Magazine" Ban)

139.    The Alliance incorporates its responses as set forth above.

140.    Paragraph 140 quotes a portion of the text of *Bruen*. The decision speaks for itself.

141.    Denied.

142.    The Alliance admits that Paragraph 142 contains text from the cited decision of the U.S. Court of Appeals for the Ninth Circuit. Except as expressly admitted above, the remainder of Paragraph 142 is denied.

143.    Paragraph 143 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

144.    Paragraph 144 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

145.    The Alliance denies the first sentence of Paragraph 145. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in the second, third, and fourth sentences of Paragraph 145, which shall have the effect of a denial.

146.    Denied.

147.    Denied.

148.    Paragraph 148 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

149.    Paragraph 149 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

150.    The Alliance admits that, to the extent weapons capable of firing more than ten rounds existed before the 20th century, they were experimental, unusual, impractical, unreliable, prohibitively expensive, or otherwise not analogous to modern firearms equipped with LCMs—

and thus unlikely to necessitate government regulation. The Alliance specifically denies that 19th-century firearms capable of firing more than ten rounds without reloading were nearly as dangerous as modern firearms equipped with LCMs. The remainder of Paragraph 150 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

151.    Paragraph 151 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

**COUNT FOUR**
**(Fifth Amendment Takings Clause – "Large Capacity Magazine" Ban)**

152.    The Alliance incorporates its responses as set forth above.

153.    The Alliance admits that Paragraph 153 quotes the text of the U.S. Constitution and describes the Supreme Court decision cited.

154.    Paragraph 154 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

155.    Paragraph 155 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

156.    Denied.

157.    The Alliance admits that Paragraph 157 quotes a portion of the text of Measure 114, which speaks for itself. Paragraph 155's remaining allegations consist of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

158.    Denied.

159.    The Alliance admits that Paragraph 159 quotes the text of the cited case, which speaks for itself. The Alliance denies any remaining allegations in Paragraph 159.

160.    Denied.

161.    Denied.

## COUNT FIVE
### (Fourteenth Amendment Due Process Clause – "Large Capacity Magazine" Ban)

162.    The Alliance incorporates its responses as set forth above.

163.    Paragraph 163 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

164.    Denied.

165.    Denied.

166.    Denied.

## COUNT SIX
### (Vagueness – "Large Capacity Magazine" Ban)

167.    The Alliance incorporates its responses as set forth above.

168.    The Alliance admits that Paragraph 168 quotes a portion of the text of Measure 114, which speaks for itself. The Alliance denies any remaining allegations in Paragraph 168.

169.    Denied.

170.    Paragraph 170 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

171.    Paragraph 171 consists of legal conclusions or argument, which do not require a response by way of factual pleading. To the extent a response is required, the Alliance denies the same.

172.    Denied.

173.    Denied.

174.    Denied.

## PRAYER FOR RELIEF

The Prayer for Relief portion of the Complaint makes no allegation to which an answer is required. To the extent a response is required, the Alliance denies that Plaintiffs are entitled to the requested relief or any relief whatsoever.

## OMNIBUS DENIAL

Unless otherwise specifically admitted above, the Alliance denies each and every remaining allegation in the Complaint. The Alliance reserves the right to amend this Answer.

## AFFIRMATIVE DEFENSES

The Alliance asserts the following defenses:

1.    Plaintiffs fail to state a claim upon which relief can be granted.

The Alliance incorporates by reference and adopts as its own any defense asserted by any other Defendant, and reserves the right to amend this Answer to assert additional defenses and affirmative defenses as additional facts are obtained through investigation and discovery.

## ALLIANCE'S PRAYER FOR RELIEF

WHEREFORE, having fully answered the Amended Complaint and having asserted defenses and affirmative defenses, the Alliance respectfully requests the following relief:

1.      That the Amended Complaint be dismissed with prejudice and that no relief be granted to Plaintiffs;

2.      That the Court enter final judgment in the Alliance's and State Defendants' favor;

3.      That the Court award the Alliance its reasonable expenses, costs, and attorney fees incurred in defending this action as authorized by law or equity; and

4.      All other relief as the Court deems just and equitable.


DATED this 3rd day of March, 2023.

PACIFICA LAW GROUP LLP

_s/Zachary J. Pekelis_
Jessica A. Skelton, OSB #102714
Zachary J. Pekelis, *Pro Hac Vice*
Kai A. Smith, *Pro Hac Vice*
W. Scott Ferron, *Pro Hac Vice*

*Attorneys for Intervenor-Defendant*
*Oregon Alliance for Gun Safety*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2023, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to all parties who are registered with the CM/ECF system.

DATED this 3rd day of March, 2023.

_____
Erica Knerr