**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **OREGON FIREARMS FEDERATION, et al.**,<br><br>             Plaintiffs,<br><br>      v.<br><br>**TINA KOTEK, et al.**,<br><br>             Defendants.<br>_____<br>**MARK FITZ, et al.**,<br><br>             Plaintiffs,<br><br>      v.<br><br>**ELLEN F. ROSENBLUM, et al.**,<br><br>             Defendants.<br>_____<br>**KATERINA B. EYRE, et al.**,<br><br>             Plaintiffs,<br><br>      v. | Case No. 2:22-cv-01815-IM (Lead Case)<br>             3:22-cv-01859-IM (Trailing Case)<br>             3:22-cv-01862-IM (Trailing Case)<br>             3:22-cv-01869-IM (Trailing Case)<br><br><br>**PRETRIAL CASE MANAGEMENT ORDER** |

**ELLEN F. ROSENBLUM, et al.**,

      Defendants.

**DANIEL AZZOPARDI, et al.**,

      Plaintiffs,

v.

**ELLEN F. ROSENBLUM, et al.**,

      Defendants.

**IMMERGUT, District Judge.**

Pretrial case management procedures are set as follows:

## TRIAL DOCUMENTS

Unless the Court has issued unique deadlines with respect to this case, trial documents are due according to the following schedule:

1. **30 days before pretrial conference:**

   a. **Pretrial Order** in compliance with Local Rule 16–5(b)

   b. **Jointly Proposed Verdict Form** [Jury and Bench Trials]

      i. The jointly proposed verdict form shall be submitted by filing in CM/ECF and submitted to the Court at impropdoc@ord.uscourts.gov **in Word format.**

2. **21 days before pretrial conference:**

   a. **Trial Memoranda**

      i. Provide a brief summary of all material factual and legal contentions along with the elements of each claim and/or defense. Trial memoranda are limited to 15 pages unless a party seeks leave of the court.

   b. **Motions in limine**

  i.   The parties may elaborate on the admissible purposes for any proffered evidence that is the subject of objection and the legal bases for their objections to such evidence.

**c. Neutral Statement of the Case [Jury Trial Only]**

  i.   The parties shall exchange their proposed neutral statement of the case, confer regarding the proposed neutral statement of the case, and submit the joint neutral statement by filing in CM/ECF and to the Court at impropdoc@ord.uscourts.gov in **Word format.**

**d. Jointly Proposed Voir Dire [Jury Trial Only]**

  i.   The jointly proposed voir dire must be formatted in accordance with Exhibit A.

  ii.   Parties may note any objections in a comment/footnote or provide alternative questions.

  iii.   Jointly proposed voir dire shall be submitted by filing in CM/ECF and submitted to the Court at impropdoc@ord.uscourts.gov **in Word format.**

**e. Jointly Proposed Agreed Upon Jury Instructions [Jury Trial Only]**

  i.   The parties are ordered to jointly file **in a single document** the jury instructions to which the parties agree.

  ii.   Any modifications from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2017 Edition, Last Updated December 2022) shall be clearly shown in bold font.

  iii.   Jointly proposed agreed upon jury instructions shall be submitted by filing in CM/ECF and submitted to the Court at impropdoc@ord.uscourts.gov **in Word format.**

**f. Contested Jury Instructions [Jury Trial Only]**

  i.   The parties are ordered to jointly file **in a single document**, separately from the jointly proposed agreed upon jury instructions, proposed jury instructions which are contested.

  ii.   For all proposed jury instructions on which the parties do not agree, the party proposing the instruction must state concisely at the end of each such instruction why the proffered instruction is a correct statement of the law and why the Court should prefer that proposed instruction over any offered by the opposing party.

      iii. The party opposing the instruction also must state concisely at the end of each such instruction why it is not a correct statement of the law and must set forth the form of instruction requested in lieu thereof together with the reasons why the Court should give that form of instruction.

      iv. Any modifications from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2017 Edition, Last Updated December 2022) shall be clearly shown in bold font.

      v. Contested jury instructions shall be submitted by filing in CM/ECF and submitted to the Court at impropdoc@ord.uscourts.gov **in Word format.**

**g. Joint Witness List**

      i. The parties are ordered to jointly file a witness list that identifies all proposed trial witnesses and indicates: (1) all witnesses whose testimony may be received without objection; (2) all other witness testimony that will be the subject of objection together with a concise summary of the challenged testimony, a one-line statement of the admissible purposes for which that challenged testimony is proffered, and a one-line summary statement of the bases for all objections to that proffered testimony; and (3) an estimate of the time necessary to complete the testimony of each witness.

      ii. For each witness, denote whether the witness will testify as a lay witness or expert witness.

- For **lay witnesses**, list all parties, corporate representatives, and other witnesses to be called, showing names and occupations if relevant.

- For **expert witnesses**, supply a written report of each expert in accordance with the requirements of Fed. R. Civ. P 26(e)(2), whether for the case in chief or rebuttal, setting forth the expert's qualifications, the substance of any opinions to be expressed in detail, and the facts and data upon which the opinions are based. Any subject and/or opinion not covered in the expert report will not be allowed at trial absent a showing of just cause for the omission, balanced against any prejudice to the opposing party.

      iii. Joint witness list shall be submitted by filing in CM/ECF and submitted to the Court at impropdoc@ord.uscourts.gov in Word format.

**h. Joint Exhibit List**

      i. The parties are ordered to jointly file an exhibit list that identifies (1) all stipulated exhibits that may be received without objection; and (2) all remaining exhibits to be offered by any party and a one-line summary statement of the bases for all objections to any proffered exhibit.

      ii. The joint exhibit should be formatted in conformance with Exhibit B.

      iii. The joint exhibit list shall be submitted by filing in CM/ECF and submitted to the Court at impropdoc@ord.uscourts.gov **in Word** format.

      iv. Copies of contested exhibits must be attached by the offering party to the Judge's copy of the proposed exhibit list. Contested exhibits should be indexed, tabbed, and three-hole punched down the left side. If there are numerous contested exhibits, they shall be placed in a binder clearly marked as Plaintiff or Defendant's exhibits. Plaintiff's exhibits shall be numbered beginning with 1 through 99 and no subparts; Defendant's exhibits shall be numbered beginning with 101-199 and no subparts. If there are additional parties or numerous exhibits, the parties shall contact the Courtroom Deputy for instructions.

      v. **No original trial exhibits shall be filed with the Clerk of Court or CM/ECF.** All exhibits that will be used at trial shall be indexed, tabbed, three-hole punched down the left side, and placed in a binder clearly marked on the outside of the binder whether they are Plaintiff or Defendant's exhibits. As noted, Plaintiff's exhibits shall be numbered beginning with 1 through 99 and no subparts; Defendant's exhibits shall be numbered beginning with 101-199 and no subparts. If there are additional parties or numerous exhibits, the parties shall contact the Courtroom Deputy for instructions.

3. **14 days before pretrial conference:**

    a. **Responses to motions in limine**

To the extent feasible the Court intends to rule on all objections at the pretrial conference and to admit into evidence at that time all exhibits that qualify. Except in unusual circumstances, therefore, the Court does not intend to take up issues of admissibility during trial.

For additional guidance, please refer to the *Trial Court Guidelines* published on the Court's website at: **https://ord.uscourts.gov/index.php/attorneys/trial-court-guidelines**.

Parties also should refer to the Federal Bar Association's *Federal Court Practice Handbook* for more guidance on practice and procedures in this Court.

**IT IS SO ORDERED.**

DATED this 24th day of April, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **PLAINTIFF(S) NAME,**<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>**DEFENDANT(S) NAME,**<br><br>　　　　Defendant(s). | Case No.<br><br>**EXHIBIT A: JOINTLY PROPOSED VOIRE DIRE** |

I.　　Background (Biographical Information)

　　a.  Name

　　b.  Area and length of residence (not your address)

　　c.  Your occupation

　　d.  Your highest level of education

PAGE 7 – EXHIBIT A: JOINTLY PROPOSED VOIR DIRE

    e. Who resides with you and their occupation/level of education?

    f. What hobbies or activities do you enjoy?

    g. What organizations do you belong to?

II. Prior Legal Experience

    a. Have you ever served on a jury before?

        i. If so, what kind of case was it?

    b. Have you or your spouse/significant other ever been a party or witness in a lawsuit?

        i. When?

        ii. What kind of case was it?

III. *Example Case Specific*

    *a. Are any of you or any members of your family or close friends now serving or have ever served in law enforcement? Please note I am including employees of law enforcement agencies, military police, INS, border patrol, DEA, ATF, DOJ, Department of Homeland Security, or other*

    *government law enforcement or intelligence agency in my definition of law enforcement. If so, who is that individual and does that relationship create any bias for you, whether for or against police officers?*

  b. *This is a civil case, meaning that the remedy the plaintiff will be asking the jury to award her are money. Are there any of you that feel like you have a strong feeling that simply because the case has proceeded all the way to trial there must be some merit to it? For any of you that raised your hand, would this make you want to find for the plaintiff even if the evidence did not support that conclusion?*

  c. *Inversely, are there any of you that have a strong sense that lawsuits of this nature are frivolous and would be reluctant to award money damages? For any of you that raised your hand, would you still be reluctant to award money, or a large sum of money, if the evidence supported it?*

The lawyers will now have an opportunity to ask you additional questions.

[Questioning by Plaintiff's counsel—15 minutes]

PAGE 9 – EXHIBIT A: JOINTLY PROPOSED VOIR DIRE

[Questioning by Defense counsel—15 minutes]

PAGE 10 – EXHIBIT A: JOINTLY PROPOSED VOIR DIRE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PLAINTIFF(S) NAME,**<br><br>    Plaintiff(s),<br><br>v.<br><br>**DEFENDANT(S) NAME,**<br><br>    Defendant(s). | Case No.<br><br>**EXHIBIT B: JOINT EXHIBIT LIST** |

| | | | PLAINTIFF'S EXHIBITS | | | |
|---|---|---|---|---|---|---|
| No. | Description | Stipulated | Objection(s) | Pre-Admit. *(Court Use Only)* | Ident. *(Court Use Only)* | Admit. *(Court Use Only)* |
| 1 | | | *Ex: FRE 403 (unfair prejudice); FRE 801 (hearsay)* | | | |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| | | | **DEFENDANT'S EXHIBITS** | | | |
| No. | Description | Stipulated | Objection(s) | Pre-Admit. *(Court Use Only)* | Ident. *(Court Use Only)* | Admit. *(Court Use Only)* |
| 101 | | | | | | |
| 102 | | | | | | |

PAGE 11 – EXHIBIT B: JOINT EXHIBIT LIST

| 103 | | | | | |
| --- | --- | --- | --- | --- | --- |
| 104 | | | | | |

PAGE 12 – EXHIBIT B: JOINT EXHIBIT LIST