**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **OREGON FIREARMS FEDERATION, et al.**,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>**TINA KOTEK, et al.**,<br><br>　　　　　Defendants.<br>_____<br>**MARK FITZ, et al.**,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>**ELLEN F. ROSENBLUM, et al.**,<br><br>　　　　　Defendants.<br>_____<br>**KATERINA B. EYRE, et al.**,<br><br>　　　　　Plaintiffs,<br><br>　　　v. | Case No. 2:22-cv-01815-IM (Lead Case)<br>　　　　　3:22-cv-01859-IM (Trailing Case)<br>　　　　　3:22-cv-01862-IM (Trailing Case)<br>　　　　　3:22-cv-01869-IM (Trailing Case)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |

1 – ORDER

**ELLEN F. ROSENBLUM, et al.**,

       Defendants.

**DANIEL AZZOPARDI, et al.**,

       Plaintiffs,

    v.

**ELLEN F. ROSENBLUM, et al.**,

       Defendants.

**IMMERGUT, District Judge.**

    Before this Court is Defendants' Motion for Partial Judgment on the Pleadings. ECF 157. Defendants seek dismissal of any "individual capacity" claims brought against former Governor Kate Brown, Attorney General Ellen Rosenblum, and former Oregon State Police Superintendent Terri Davie (collectively "Individual-Capacity Defendants"), by the plaintiffs in *Oregon Firearms Federation v. Brown*, No. 2:22-cv-01815-IM, and *Eyre v. Rosenblum*, No. 3:22-cv-01862-IM. For the following reasons, this Court GRANTS Defendants' motion.

    The factual background of this consolidated action is set forth in this Court's prior Opinion and Order denying Plaintiffs' Emergency Motion for a Temporary Restraining Order, ECF 39, and this Court assumes the parties' familiarity with those facts. Following this Court's denial of Plaintiffs' motions for a temporary restraining order, this Court consolidated the four related cases challenging the legality of Oregon Ballot Measure 114 ("BM 114"), ECF 62, and set this matter for an expedited trial on the merits, ECF 139. As part of this Court's expedited trial schedule, this Court set May 8, 2023 as the deadline for amendments to the pleadings. *Id.*

2 – ORDER

On April 27, 2023, Defendants filed the instant Partial Motion for Judgment on the Pleadings, seeking dismissal of any "individual capacity" claims brought against former Governor Kate Brown, Attorney General Ellen Rosenblum, and former Oregon State Police Superintendent Terri Davie in two of the consolidated cases. ECF 157. Thereafter, before the close of the amendment period, the plaintiffs in *Oregon Firearms Federation* ("OFF Plaintiffs") filed their Third Amended Complaint. ECF 158. This complaint maintains the OFF Plaintiffs' individual capacity claims against Individual-Capacity Defendants Kotek, Rosenblum, and Davie. ECF 158 at ¶¶ 22–24.[1] The complaint likewise maintains the OFF Plaintiffs' claim for damages. *Id.* at ¶ 115; *id.* at 52.[2] Plaintiffs in *Eyre* ("Eyre Plaintiffs") did not file an amended complaint before the close of the amendment period. The operative complaint in *Eyre* seeks nominal damages against Individual-Capacity Defendants Rosenblum and Davie. ECF 67 at 40. Though the Eyre Plaintiffs do not specify that they are suing Individual-Capacity Defendants Rosenblum and Davie in their individual capacity, *see id.* at ¶¶ 29, 30, such intent is presumed. *Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho*, 42 F.3d 1278, 1284 (9th Cir 1994) ("Where state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities.").

Plaintiffs, in their response, argue that Defendants' motion is procedurally improper because it seeks judgment on part of a claim, which Plaintiffs argue is not permitted by Federal Rule of Civil Procedure 12(c). ECF 160 at 3. This Court disagrees with Plaintiffs' assessment of

---

[1] The Third Amended Complaint substitutes as defendant current Oregon Governor Tina Kotek for former Oregon Governor Kate Brown. ECF 158 at ¶¶ 1, 22.

[2] Though the amended complaint was filed after Defendants' Partial Motion for Judgment on the Pleadings, "the claims, factual allegations, and legal arguments did not change in any material way," and therefore this Court does not consider Defendants' motion moot as to OFF Plaintiffs. *McQuinston v. City of Los Angeles*, 564 Fed. Appx. 303, 305 (9th Cir. 2014).

the motion; the motion seeks judgment of all claims against Defendants in their individual capacities. *See generally* ECF 157. The cases that Plaintiffs cite to support their argument, moreover, do not address situations where defendants are sued in both individual and official capacities. *See, e.g.*, *Kenall Mfg. Co. v. Cooper Lighting, LLC*, 354 F.Supp.3d 877, 896 (N.D. Ill. 2018) (denying Rule 12(c) motion as to liability but not damages in a trademark infringement case); *United States v. Real Prop. & Improvements Located at 2366 San Pablo Ave., Berkeley, California*, 2013 WL 6774082, at *1–2 (N.D. Cal. Dec. 23, 2013) (denying Rule 12(c) as to the issue of forfeitability). In this district, by contrast, courts have granted partial judgment on the pleadings for claims against defendants in their individual capacity where the pleadings fail to support such a claim. *See Woodroffe v. Oregon*, No. 2:12–cv–00124–SI, 2013 WL 1814887, at *2–3 (D. Or. April 29, 2013) (dismissing claims brought under § 1983 against various defendants in their individual capacity on a Rule 12(c) motion).

  This Court finds that Defendants are entitled to partial judgment on the pleadings because the OFF and Eyre Plaintiffs have failed to allege personal involvement by the Individual-Capacity Defendants in any alleged constitutional violations. A supervisor may be liable under § 1983 only if (1) he or she is personally involved in the constitutional deprivation, or (2) sufficient causal connection exists between the supervisor's wrongful conduct and the constitutional violation. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001). Neither the Eyre nor OFF Plaintiffs' complaints contain any allegations regarding Individual-Capacity Defendants' conduct beyond conclusory statements regarding their "supervision, direction, and control." *See* ECF 67 at ¶¶ 29, 30; ECF 158 at ¶¶ 22, 23, 24. Neither complaint alleges, with any specificity, the individuals over whom Individual-Capacity Defendants exercise this supervision, direction, or control. *See* ECF 67 at ¶¶ 29, 30; ECF 158 at ¶¶ 22, 23, 24. Nor do the complaints

allege any causal connection between this supervision, direction, or control and the deprivation of a constitutional right. *See* ECF 67 at ¶¶ 29, 30; ECF 158, ¶¶ 22, 23, 24. These allegations are thus too conclusory to support a claim for supervisory liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that a court is "not bound to accept as true a legal conclusion couched as a factual allegation" (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007))); *see also Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (finding conclusory allegations that a defendant "promulgated unconstitutional policies and procedures which authorized the particular conduct . . . and thus directly caused [another defendant's] allegedly unconstitutional conduct" were insufficient to state a claim of supervisory liability).

This Court further finds that the Individual-Capacity Defendants are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages . . . ." *Wood v. Moss*, 572 U.S. 744, 745 (2014); *see also Krainski v. Nev. ex rel. Bd. of Regents*, 616 F.3d 963, 968 (9th Cir. 2010). "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 580 U.S. 73, 78–79 (2017) (per curiam) (internal quotation marks and citation omitted).

This Court finds that there is no binding precedent within the Ninth Circuit that would have put the Individual-Capacity Defendants on notice that the challenged provisions of BM 114 violated the OFF and Eyre Plaintiffs' constitutional rights. Nor does this Court find any established consensus on that issue outside of this jurisdiction. *See Gordon v. Cnty. of Orange*, 6 F.4th 961, 969 (9th Cir. 2021) ("Ultimately, the prior precedent must be controlling—from the Ninth Circuit or Supreme Court—or otherwise be embraced by a consensus of courts outside the relevant jurisdiction.") (internal quotation marks and citation omitted). No circuit court—Ninth

or otherwise—has considered the issue of large-capacity magazine bans in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Of the post-*Bruen* district courts to consider the issue, all but one has held that the bans are constitutional. *See, e.g.*, *Ocean State Tactical, LLC v. State of Rhode Island*, No. 22-CV-246 JJM-PAS, 2022 WL 17721175, at *16 (D.R.I. Dec. 14, 2022); *Hanson v. D.C.*, No. 22-2256 (RC), 2023 WL 3019777, at *17 (D.D.C. Apr. 20, 2023); *Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland Sec.*, No. CV 22-951-RGA, 2023 WL 2655150, at *13 (D. Del. Mar. 27, 2023); *Bevis v. City of Naperville, Illinois*, No. 22 C 4775, 2023 WL 2077392, at *16 (N.D. Ill. Feb. 17, 2023); *Herrera v. Raoul*, No. 23 CV 532, 2023 WL 3074799, at *7 (N.D. Ill. Apr. 25, 2023); *but see Barnett v. Raoul*, No. 3:23-cv-00209-SPM, 2023 WL 3160285, at *11 (N.D. Ill. Apr. 28, 2023).

Nor does this Court find that there is either binding precedent or an established consensus outside of this jurisdiction that would have put the Individual-Capacity Defendants on notice that BM 114's permit-to-purchase scheme clearly violates Plaintiffs' constitutional rights. As this Court explained in its prior Opinion and Order, *Bruen* itself confirmed the constitutionality of shall-issue permitting regimes. *See* 142 S. Ct. 2111, 2138 n.9. While the OFF and Eyre Plaintiffs may still succeed in showing, at trial, that BM 114's permit-to-purchase scheme operates in such a way as to render it unconstitutional, this Court does not find that existing case law has "clearly established" that the scheme violates the Constitution.

Finally, this Court does not find that there is either binding precedent or an established consensus outside of this jurisdiction that would have put the Individual-Capacity Defendants on notice that BM 114 violates the OFF and Eyre Plaintiffs' remaining constitutional claims. The Ninth Circuit, sitting en banc, rejected facial and as-applied takings challenges to a more

stringent California law governing large-capacity magazines. *Duncan v. Bonta*, 19 F.4th 1087, 1112 (9th Cir. 2021), *cert. granted, judgment vacated*, 142 S. Ct. 2895 (2022), and *vacated and remanded*, 49 F.4th 1228 (9th Cir. 2022). As this Court previously found, the Supreme Court did not consider a Fifth Amendment claim in *Bruen*, leaving the Ninth Circuit's takings analysis in *Duncan* undisturbed. ECF 39 at 34 n.28. Existing precedent therefore would not have put the Individual Defendants on notice that BM 114, which is less restrictive than the law at issue in *Duncan*, would violate Plaintiffs' constitutional rights.

Accordingly, this Court GRANTS Defendants' Partial Motion for Judgment on the Pleadings, ECF 157, and DISMISSES any damages claims against Individual-Capacity Defendants Kotek, Rosenblum, and Davies with prejudice.

**IT IS SO ORDERED.**

DATED this 11th day of May, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge