**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Hannah K. Hoffman, OSB #183641**
HannahHoffman@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201-3412
(503) 295-3085

    Special Assistant Attorneys General for Defendants

**Ellen F. Rosenblum, OSB #753239**
Attorney General
**Brian Simmonds Marshall, OSB #196129**
Senior Assistant Attorney General
Brian.S.Marshall@doj.state.or.us
**DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
(971) 673-1880

    Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON FIREARMS FEDERATION, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TINA KOTEK, et al.,<br><br>    Defendants,<br><br>and | Case No. 2:22-cv-01815-IM (lead case)<br>          3:22-cv-01859-IM (trailing case)<br>          3:22-cv-01862-IM (trailing case)<br>          3:22-cv-01869-IM (trailing case)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |

Page 1 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS
           FOR ADMISSION

| |
|---|
| OREGON ALLIANCE FOR GUN SAFETY, <br><br> Intervenor-Defendant. |
| MARK FITZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ELLEN F. ROSENBLUM, et al., <br><br> Defendants. |
| KATERINA B. EYRE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ELLEN F. ROSENBLUM, et al., <br><br> Defendants, <br> and <br> OREGON ALLIANCE FOR GUN SAFETY, <br><br> Intervenor-Defendant. |
| DANIEL AZZOPARDI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ELLEN F. ROSENBLUM, et al., <br><br> Defendants. |

Defendants Tina Kotek, Ellen F. Rosenblum, and Casey Codding, in their official capacities (collectively, "Defendants") respond to Plaintiffs' First Set of Requests for Admissions[1] as follows:

---

[1] Plaintiffs in all four of the consolidated cases above have propounded, and the parties have agreed to, joint discovery requests to Defendants.

**Page 2 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 3:** Please admit that as of December 8, 2022, the State of Oregon was not prepared to process or issue any permits to purchase under the permit-to-purchase scheme set up by Measure 114.

**RESPONSE:** Defendants incorporate their general objections as set out above. Defendants further object to the request as vague and ambiguous, including as to "the State of Oregon." The State of Oregon is not a party to this lawsuit, nor is it a defined term in these requests. Defendants further object that the "State of Oregon" is vague and ambiguous as to whether it refers to the state as a whole, to the governments within Oregon, or just to the departments, boards, and agencies of the state.

Subject to and without waiving these objections, defendants respond as follows: Admitted, for the reasons set forth in Assistant Attorney General Brian Marshall's letter to the Court dated December 4, 2022. (ECF No. 34.)

**REQUEST FOR ADMISSION NO. 4:** Please admit that the State of Oregon has not yet funded or set up the systems required to administer the permitting scheme described in Measure 114.

**RESPONSE:** Defendants incorporate their general objections as set out above. Defendants further object to the request as vague and ambiguous, including as to "the State of Oregon." The State of Oregon is not a party to this lawsuit, nor is it a defined term in these Requests. Defendants further object that the "State of Oregon" is vague and ambiguous as to whether it refers to the state as a whole, to the governments within Oregon, or just to the departments, boards, and agencies of the state. Defendants interpret the "State of Oregon" to mean defendants. Defendants further object that "systems" is ambiguous. Defendants interpret "systems" to mean the computer programs and equipment Oregon State Police will use to meet its responsibilities under Measure 114.

Subject to and without waiving these objections, defendants respond as follows: Denied.

**REQUEST FOR ADMISSION NO. 5:** Please admit that no existing firearm safety courses in the State of Oregon comply with Measure 114's requirements.

**Page 7 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

**RESPONSE:**  Defendants incorporate their general objections as set out above. Defendants object that "firearm safety courses in the State of Oregon [that] comply with Measure 114's requirements" is ambiguous as it is unclear whether the request seeks information about courses that comply with *some* or *all* of Measure 114's requirements.  Defendants interpret the request to seek information about firearms safety courses that comply with all the requirements, including the in-person demonstration component in Measure 114 § 4(8)(c)(D).  Defendants further object to the request as requiring information outside of defendants' possession, custody, or control.  Local law enforcement officials have stated that they intend to certify instructors and firearm safety courses.  (*See, e.g.*, Kevin Campbell Dep. at Tr. 67:13-16 ("The role that is the requirement of [local] law enforcement is to certify the training, whether that's the written training or the in-person training or trainers have to be certified by law enforcement."); *see also id.* at Tr. 55:16-56:9; Jason Myers Dep. at Tr. 49:5-14 ("Ultimately, it will be up to the local officials to determine what they're going to do, whether that's an agency, their own agency, or certifying instructors outside of that.  I think it will be a local decision, and that's one of the recommendations that they would employ.").)  To that end, the Oregon Association of Chiefs of Police and the Oregon State Sheriffs Association have created a workgroup tasked with creating a process for certifying instructors.  (Second Decl. of Jason Myers (Dkt. 37) ¶ 10 ("OSSA and representatives of the Oregon Chiefs of Police have met to work on creating a process for the in-person demonstration of the applicant's ability to lock, load, unload, fire and store a firearm.").)  Accordingly, defendants' response is limited to solely their own knowledge and does not encompass knowledge held by the local law enforcement that intends to certify firearms courses.

Subject to and without waiving these objections, defendants respond as follows: Admitted.

**REQUEST FOR ADMISSION NO. 6:**  Please admit that the State of Oregon has not certified any existing firearm safety courses in the State of Oregon as compliant with Measure 114's requirements.

**RESPONSE:**  Defendants incorporate their general objections as set out above. Defendants object that "firearm safety courses in the State of Oregon as compliant with

Page 8 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS
              FOR ADMISSION

Ex. H - Lindsay Decl. (Defs' Response to RFAs)
Page 4 of 7

Measure 114's requirements" is ambiguous as it is unclear whether the request seeks information about courses that comply with *some* or *all* of Measure 114's requirements. Defendants interpret the request to seek information about firearms safety courses that comply with all the requirements, including the in-person demonstration component in Measure 114 § 4(8)(c)(D). Defendants further object that "State or Oregon" is vague and ambiguous. The State of Oregon is not a party to this lawsuit, nor is it a defined term in these requests, and Measure 114 § 4(8)(a) provides that any law enforcement agency may certify a firearms training course or class. Defendants interpret the "State of Oregon" to mean defendants.

Subject to and without waiving these objections, Defendants respond as follows: Admitted.

**REQUEST FOR ADMISSION NO. 7:** Please admit that no existing firearm safety courses in the State of Oregon includes certified live-fire training.

**RESPONSE:** Defendants incorporate their general objections as set out above. Defendants object that "certified live-fire training" is ambiguous; Measure 114 does refer to "certified live-fire training." Defendants interpret "certified live-fire training" to mean the in-person demonstration component described in Measure 114 § 4(8)(c)(D). Defendants further object to the request as requiring information outside of Defendants' possession, custody, or control. Local law enforcement officials have stated that they intend to certify instructors and firearm safety courses. (*See, e.g.*, Kevin Campbell Dep. at Tr. 67:13-16 ("The role that is the requirement of [local] law enforcement is to certify the training, whether that's the written training or the in-person training or trainers have to be certified by law enforcement."); *see also* Tr. 55:16-56:9; Jason Myers Dep. at Tr. 49:5-14 ("Ultimately, it will be up to the local officials to determine what they're going to do, whether that's an agency, their own agency, or certifying instructors outside of that. I think it will be a local decision, and that's one of the recommendations that they would employ.").) To that end, the Oregon Association of Chiefs of Police and the Oregon State Sheriffs Association have created a workgroup tasked with creating a process for certifying instructors. (Second Decl. of Jason Myers (Dkt. 37) ¶ 10 ("OSSA and representatives of the Oregon Chiefs of Police have met to work on creating a process for the in-

Page 9 -   DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS
           FOR ADMISSION

person demonstration of the applicant's ability to lock, load, unload, fire and store a firearm.").) Accordingly, defendants' response is limited to solely their own knowledge and does not encompass knowledge held by the local law enforcement that intends to certify live-fire training instructors.

Subject to and without waiving these objections, defendants respond as follows: Admitted.

**REQUEST FOR ADMISSION NO. 8:** Please admit that firearm magazines that hold more than 10 rounds of ammunition are commonly owned and typically possessed by millions of Americans for lawful purposes, including self-defense.

**RESPONSE:** Defendants incorporate their general objections as set out above. Defendants object to the request as vague and ambiguous, including as to "commonly owned" and "typically possessed." Defendants object to the request as requiring information outside of defendants' possession, custody, or control. Defendants object to the request as seeking information not reasonably calculated to lead to the discovery of relevant evidence. Defendants object that the request is compound. Defendants object that the request seeks information outside their possession, custody, or control.

Subject to and without waiving these objections, defendants respond as follows: Admitted that magazines that hold more than 10 rounds of ammunition are owned and possessed by millions of Americans; otherwise, denied.

**REQUEST FOR ADMISSION NO. 9:** Please admit that more than one million firearm magazines that hold more than 10 rounds of ammunition are owned by Americans.

**RESPONSE:** Defendants incorporate their general objections as set out above. Defendants further object to the request as requiring information outside of defendants' possession, custody, or control. Defendants object to the request as seeking information not reasonably calculated to lead to the discovery of relevant evidence.

Subject to and without waiving these objections, defendants respond as follows: Admitted.

**Page 10 -  DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

| Description | Response |
|---|---|
| National Firearms Commerce and Trafficking Assessment (NFCTA): Crime Gun Intelligence and Analysis, Volume Two, U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (2023), Part V | |
| National Firearms Commerce and Trafficking Assessment (NFCTA): Crime Gun Intelligence and Analysis, Volume Two, U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (2023), Part VII | |
| National Firearms Commerce and Trafficking Assessment (NFCTA): Crime Gun Intelligence and Analysis, Volume Two, U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (2023), Volume II (Reference) | |

**RESPONSE:** Defendants incorporate their general objections as set out above. Defendants further object to the request as premature. Defendants further object to the request as compound, as the request seeks 37 distinct admissions. Defendants further object that the requests are not accompanied by a copy of the documents, as required by FRCP 36(a)(2).

Subject to and without waiving these objections, Defendants respond as follows: Defendants are willing to confer on and stipulate to the authenticity of proposed trial exhibits closer to the parties' trial date.

DATED: April 14, 2023.

        ELLEN ROSENBLUM
        ATTORNEY GENERAL
        FOR THE STATE OF OREGON

By:  *s/Harry B. Wilson*
      Harry B. Wilson, OSB #077214
      HarryWilson@MarkowitzHerbold.com
      Hannah K. Hoffman, OSB #183641
      HannahHoffman@MarkowitzHerbold.com
        *Special Assistant Attorney General for Defendants*

      Brian Simmonds Marshall
      brian.s.marshall@doj.state.or.us
        *Attorney for Defendants*

OREGBR\1435198

**Page 35 -** DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION