Oregon Firearms Federation, Inc., et al. v. Kotek, et al. (Consolidated)                                  Lucy P. Allen

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

_____

| | |
|---|---|
| OREGON FIREARMS FEDERATION, ) | |
| INC., et al.,              ) | |
|                            ) | Civil No. |
|          Plaintiffs,       ) | 2:22-cv-01815-IM |
|     v.                     ) | (Lead Case) |
|                            ) | |
| TINA KOTEK, et al.,        ) | Civil No. |
|                            ) | 3:22-cv-01859-IM |
|          Defendants.       ) | (Trailing Case) |
|                            ) | |
|                            ) | Civil No. |
|          (Continued)       ) | 3:22-cv-01862-IM |
|                            ) | (Trailing Case) |
|                            ) | |
|                            ) | Civil No. |
|                            ) | 3:22-cv-01869-IM |
|                            ) | (Trailing Case) |
|                            ) | |

_____

* VIDEOCONFERENCE *

DEPOSITION UPON ORAL EXAMINATION

OF EXPERT

LUCY P. ALLEN

_____

Witness located in:

New York, New York

* All participants appeared via videoconference *

DATE TAKEN:   April 4, 2023
REPORTED BY: Tia B. Reidt, Washington RPR, CCR #2798

BUELL REALTIME REPORTING, LLC
206.287.9066 I 800.846.6989

Exhibit 3 - Lindsay Decl. (Allen Depo.)
Page 1 of 17
2ab7a796-4844-47d2-a26e-1e27b7d0d1e5

Case 3:22-cv-01859-IM    Document 139-3    Filed 05/15/23    Page 2 of 17

Oregon Firearms Federation, Inc., et al. v. Kotek, et al. (Consolidated)                                    Lucy P. Allen

Page 2

```
 1  _____
 2    (continued)                            )
                                             )
 3    MARK FITZ, et al.,                     )
                                             )
 4                    Plaintiffs,            )
           v.                                )
 5                                           )
      ELLEN F. ROSENBLUM, et al.,            )
 6                                           )
                      Defendants.            )
 7    _____        )
                                             )
 8    KATERINA B. EYRE, et al.,              )
                                             )
 9                    Plaintiffs,            )
                                             )
10         v.                                )
                                             )
11    ELLEN F. ROSENBLUM, et al.,            )
                                             )
12                    Defendants.            )
      _____        )
13    DANIEL AZZOPARDI, et al.,              )
                                             )
14                    Plaintiffs,            )
           v.                                )
15                                           )
      ELLEN F. ROSENBLUM, et al.,            )
16                                           )
                      Defendants.            )
17                                           )
     _____
18
19
20
21
22
23
24
25
```

BUELL REALTIME REPORTING, LLC
206.287.9066  I  800.846.6989

Exhibit 3 - Lindsay Decl. (Allen Depo.)
Page 2 of 17
2ab7a796-4844-47d2-a26e-1e27b7d0d1e5

Oregon Firearms Federation, Inc., et al. v. Kotek, et al. (Consolidated)                    Lucy P. Allen

Page 3

```
 1                    APPEARANCES

 2   For the Eyre Plaintiffs:

 3             SHAWN M. LINDSAY
               JURISLAW, LLP
 4             Three Centerpointe Drive, Suite 160
               Lake Oswego, OR 97035
 5             (503) 968-1475
               Shawn@jurislawyer.com
 6
     For the Defendants:
 7
               BRIAN S. MARSHALL
 8             OREGON DEPARTMENT OF JUSTICE
               TRIAL DIVISION
 9             SPECIAL LITIGATION UNIT
               100 SW Market Street
10             Portland, OR 97201
               Brian.s.marshal@doj.state.or.us
11

12

13                  *   *   *   *   *

14

15

16

17

18

19

20

21

22

23

24

25
```

BUELL REALTIME REPORTING, LLC
206.287.9066  I  800.846.6989

Oregon Firearms Federation, Inc., et al. v. Kotek, et al. (Consolidated)　　　　　　　　　　　　　Lucy P. Allen

Page 4

```
 1                    EXAMINATION INDEX
 2   EXAMINATION BY:                        PAGE
 3   Mr. Lindsay                            5
 4   Mr. Marshall                           68
 5
 6                      EXHIBIT INDEX
 7
     EXHIBIT      DESCRIPTION                              PAGE
 8
     EXHIBIT 66   Curriculum Vitae of Lucy P. Allen.       7
 9
     EXHIBIT 67   Declaration of Lucy P. Allen in          10
10                Support of Defendants'
                  Opposition to Plaintiffs Motion
11                For Preliminary Injunction.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

BUELL REALTIME REPORTING, LLC
206.287.9066 | 800.846.6989

Exhibit 3 - Lindsay Decl. (Allen Depo.)
Page 4 of 17
2ab7a796-4844-47d2-a26e-1e27b7d0d1e5

Case 3:22-cv-01859-IM   Document 139-3   Filed 05/15/23   Page 5 of 17

Oregon Firearms Federation, Inc., et al. v. Kotek, et al. (Consolidated)                Lucy P. Allen

Page 33

1  it would perhaps be helpful in answering certain
2  questions.  That's what I would say.
3      Q.  Turning to your declaration, paragraph 6.
4          Do you have that in front of you?
5      A.  Yes.
6      Q.  In paragraph 6 of your declaration, you state,
7  open quote, "Plaintiffs claim that the large-capacity
8  magazines (magazines capable of holding more than ten
9  rounds; 'Large-Capacity Magazines' or 'LCMs') covered
10 by Oregon's Ballot Measure 114 ('Measure 114') are
11 commonly used for lawful purposes, including for
12 self-defense."  And I underlined "commonly used."
13         In paragraph 7 of your declaration, you state,
14 open quote, "The number of rounds commonly needed by
15 individuals to defend themselves cannot be practically
16 or ethically determined with controlled scientific
17 experiments.  And there is no source that
18 systematically tracks or maintains data on the number
19 of rounds fired by individuals for self-defense."
20         In paragraph 7, you used "commonly used."  I'm
21 sorry.  In paragraph 6, you used "commonly used."  In
22 paragraph 7, you used "commonly needed."
23         Please explain the difference between
24 "commonly used" and "commonly needed," as you used
25 those terms in your declaration.

BUELL REALTIME REPORTING, LLC
206.287.9066  I  800.846.6989

Exhibit 3 - Lindsay Decl. (Allen Depo.)
Page 5 of 17
2ab7a796-4844-47d2-a26e-1e27b7d0d1e5

Case 3:22-cv-01859-IM   Document 139-3   Filed 05/15/23   Page 6 of 17

Oregon Firearms Federation, Inc., et al. v. Kotek, et al. (Consolidated)                    Lucy P. Allen

Page 34

1   A.   Well, one difference would be that someone
2   might shoot 15 rounds, but the same outcome would have
3   happened had they only shot eight rounds, for example.
4   So they may have used 15 rounds, because they had
5   access to 15 rounds, but the outcome would have been
6   the same if they only had, you know, under ten rounds,
7   for example.
8        So that would be an example where a
9   large-capacity magazine might, in fact, have been used,
10  but it wouldn't have been needed.
11       Q.   What if -- let's use the difference between
12  "commonly owned" and "commonly needed."   What's the
13  difference between "commonly owned" and "commonly
14  needed"?
15       A.   Well, owned is -- means something different
16  than "used" or "needed."
17       Q.   And --
18       A.   I mean, something that's owned could never be
19  used and also never be needed.
20       Q.   Correct.   I guess -- I guess I meant to say I
21  understand.
22       Why do you make the distinction in your
23  declaration in paragraph 6 and paragraph 7 between
24  "commonly used" and "commonly needed"?
25       A.   Why do I use two different words there?

BUELL REALTIME REPORTING, LLC
206.287.9066  |  800.846.6989

Exhibit 3 - Lindsay Decl. (Allen Depo.)
Page 6 of 17
2ab7a796-4844-47d2-a26e-1e27b7d0d1e5

Case 3:22-cv-01859-IM    Document 139-3    Filed 05/15/23    Page 7 of 17

Oregon Firearms Federation, Inc., et al. v. Kotek, et al. (Consolidated)                                Lucy P. Allen

Page 35

1  Q.  Why do you distinct -- you used a distinction
2  in paragraph 6 and paragraph 7.  Paragraph 7, you used
3  "commonly used for lawful purposes."  Sorry.
4  Paragraph 6, you say that.  And paragraph 7, you say
5  "commonly needed."
6       And my question is:  Why do you distinguish
7  between "commonly used" and "commonly needed" in your
8  declaration?
9  A.  I'm not sure I distinguished.  I used two
10 different words, and you asked me what the difference
11 was in the meaning.  I am using two different words
12 there.  I'm not particularly distinguishing between
13 them, I don't think, in my declaration.
14 Q.  Why is it important to know how many
15 ammunition rounds are needed by people to defend
16 themselves?
17 A.  That's, I think, a public policy question.
18 It's my understanding -- and I have read some -- now
19 you're asking me a legal or a policy question.
20      But I think if it doesn't -- if large-capacity
21 magazines are not actually needed, then from a public
22 policy standpoint, if the outcomes are the same
23 regardless of what you have, then it's hard to argue
24 that it's important for self-defense or it's
25 important -- it's important to outcomes.

BUELL REALTIME REPORTING, LLC
206.287.9066 I 800.846.6989

Exhibit 3 - Lindsay Decl. (Allen Depo.)
Page 7 of 17
2ab7a796-4844-47d2-a26e-1e27b7d0d1e5

Case 3:22-cv-01859-IM   Document 139-3   Filed 05/15/23   Page 8 of 17

Oregon Firearms Federation, Inc., et al. v. Kotek, et al. (Consolidated)                    Lucy P. Allen

Page 36

1           If the outcomes are the same and you could
2   just as well -- it doesn't matter whether you have it.
3   You have no need for it.  Then I think, from a public
4   policy standpoint, the supposed good outcomes from
5   having large-capacity magazines are the same.  Then
6   that would argue there isn't need for them.
7       Q.   Firearms and magazines that accept more than
8   ten rounds are commonly owned by Americans; correct?
9       A.   I don't -- I've not been asked to analyze
10  that, nor do I have an opinion on that.
11      Q.   Would you think that chainsaws are commonly
12  owned by Americans?
13      A.   I would have to know what you mean by
14  "commonly owned," but I would say no.
15      Q.   I'm trying to understand what your
16  understanding of "commonly owned" is.  That's why I'm
17  asking.
18           Let's try it this way:
19           Are vehicles commonly owned by Americans?
20      A.   I haven't come to any determination -- nor
21  have I been asked to -- on whether something is
22  commonly owned.  So you're asking me about something
23  that I don't have a professional opinion on, nor have I
24  been asked to have one on that.
25      Q.   I'm asking your personal opinion and your

BUELL REALTIME REPORTING, LLC
206.287.9066  |  800.846.6989

Exhibit 3 - Lindsay Decl. (Allen Depo.)
Page 8 of 17
2ab7a796-4844-47d2-a26e-1e27b7d0d1e5

Oregon Firearms Federation, Inc., et al. v. Kotek, et al. (Consolidated)                                    Lucy P. Allen

Page 37

1  understanding of the term "commonly owned."
2           In your personal opinion, are vehicles
3  commonly owned by Americans?
4       A.  I think the term "commonly owned" depends on
5  the context.  I would agree that most people would say
6  that vehicles are commonly owned by Americans.
7       Q.  And what would make them commonly owned?
8       A.  I think there's a lot of -- you know, the US
9  is a pretty big state [sic].  There's a lot of open
10 territory, and a lot of people commute to work and use
11 cars.  I think that's why they're commonly owned.
12      Q.  If you knew that Americans owned more than 20
13 million magazines that accepted more than ten rounds,
14 would that, in your opinion, mean they're commonly
15 owned?
16      A.  No.  It could be whatever.
17      Q.  What about 50 million?
18      A.  No.  It depends on if -- whatever.  If five
19 people own the -- 80 percent of them, then it wouldn't
20 be commonly owned.  So it's not a number of the actual
21 number of something that's out there.
22      Q.  Okay.
23          Let's try percentage then.
24          If you knew that half of all magazines in
25 America could accept more than ten rounds of

BUELL REALTIME REPORTING, LLC
206.287.9066  l  800.846.6989

Exhibit 3 - Lindsay Decl. (Allen Depo.)
Page 9 of 17
2ab7a796-4844-47d2-a26e-1e27b7d0d1e5

Case 3:22-cv-01859-IM    Document 139-3    Filed 05/15/23    Page 10 of 17

Oregon Firearms Federation, Inc., et al. v. Kotek, et al. (Consolidated)                Lucy P. Allen

Page 38

1  ammunition, in your opinion, would that mean they're
2  commonly owned?
3      A.  No.  That wouldn't be enough to say that
4  unless you know the percent of the population that, in
5  fact, owns magazines at all.
6      Q.  Well, that's my hypothetical.  Half.
7  50 percent.
8      A.  I thought you said -- I thought you said half
9  of the population owned -- that owned magazines had
10 more than ten rounds, that half of the magazines were
11 more than ten rounds.
12     Q.  Let me rephrase, then, if that was not clear.
13         If you knew that half of all magazines in
14 America could accept more than ten rounds of
15 ammunition, would that mean they're commonly owned?
16     A.  No.  You could say that half of all ten-carat
17 diamonds are white.  It wouldn't mean that ten-carat
18 diamonds are commonly owned.  Right?  That's not...
19     Q.  Okay.
20         If you knew that half of all Americans owned
21 magazines that could accept more than ten rounds of
22 ammunition, would that mean they're commonly owned?
23     A.  I guess I would say that if half of the people
24 in the country do something, then I think you could say
25 it's common.  Something that's done by half of the

BUELL REALTIME REPORTING, LLC
206.287.9066   I   800.846.6989

Exhibit 3 - Lindsay Decl. (Allen Depo.)
Page 10 of 17
2ab7a796-4844-47d2-a26e-1e27b7d0d1e5

Case 3:22-cv-01859-IM   Document 139-3   Filed 05/15/23   Page 11 of 17

Oregon Firearms Federation, Inc., et al. v. Kotek, et al. (Consolidated)                                      Lucy P. Allen

Page 39

1  people would -- I think one would argue is common.
2      Q.  Do you agree or disagree that owning a firearm
3  for self-defense is lawful?
4      A.  It seems like there are -- it would certainly
5  depend on the circumstances.
6      Q.  Do you agree or disagree that large-capacity
7  magazines, as you define it in your declaration, are in
8  common use by Americans for self-defense?
9      A.  I haven't seen any evidence that shows that,
10 but...
11     Q.  That shows that they're commonly owned?
12     A.  Commonly used for self-defense.
13     Q.  What about commonly owned?
14     A.  I don't know.  I don't know what the -- I have
15 not analyzed how -- what is the actual number of
16 large-capacity magazines or what percent of the
17 population uses them.  And I don't know -- or owns
18 them.
19         MR. LINDSAY:  We have been going for an
20 hour, Brian.  I'm fine continuing.
21         Ms. Allen, I'm fine continuing unless you want
22 to take a break.
23         MR. MARSHALL:  Can we ask the reporter as
24 well?
25         THE COURT REPORTER:  I could use five

BUELL REALTIME REPORTING, LLC
206.287.9066  |  800.846.6989

Exhibit 3 - Lindsay Decl. (Allen Depo.)
Page 11 of 17
2ab7a796-4844-47d2-a26e-1e27b7d0d1e5

Case 3:22-cv-01859-IM   Document 139-3   Filed 05/15/23   Page 12 of 17

Oregon Firearms Federation, Inc., et al. v. Kotek, et al. (Consolidated)　　　Lucy P. Allen

Page 57

1  owned and used in America?
2      A.   I'm sorry.  When you were reading, I think it
3  was -- I heard you say 65 percent.  I think it's
4  64 percent.
5      Q.   You're correct.  Thank you.  64 percent.
6           Would you like me to repeat my question, or
7  did you -- are you in the process of answering that?
8      A.   I think your question was:  Given those two
9  sentences -- well, go ahead.  You can repeat your
10 question.
11     Q.   Considering your statement in paragraph 26 of
12 the percentages involving large-capacity magazines, my
13 question is:  Could those numbers be because magazines
14 that accept more than ten rounds of ammunition are
15 commonly owned and used in America?
16     A.   That would be contrary to what your expert,
17 Dr. Kleck, says.  What Dr. Kleck says is that mass
18 shooters use large-capacity magazines because they are
19 intending to inflict more lethality.  So their desire
20 to kill more people is the reason that they choose
21 large-capacity magazines.  And I wouldn't particularly
22 disagree with your expert, Dr. Kleck, on that
23 particular...
24          So the -- the mass shootings that involve
25 large-capacity magazines do involve more fatalities and

BUELL REALTIME REPORTING, LLC
206.287.9066 I 800.846.6989

Exhibit 3 - Lindsay Decl. (Allen Depo.)
Page 12 of 17
2ab7a796-4844-47d2-a26e-1e27b7d0d1e5

Oregon Firearms Federation, Inc., et al. v. Kotek, et al. (Consolidated)                                    Lucy P. Allen

Page 58

1  injuries than mass shootings when there is not a
2  large-capacity magazine involved.
3       Q.   But my question is:
4            So in paragraph 26, you say that 64 percent
5  and 63 percent -- those are, in my opinion, higher
6  because they're above 50 percent -- they involve
7  large-capacity magazines.  And my question is not about
8  Professor Kleck.
9            My question is could those numbers be your
10 numbers?  Could your numbers be that amount because
11 magazines that accept more than ten rounds of
12 ammunition are commonly owned?  Lots of people own
13 them?
14           MR. MARSHALL:  Objection.  Asked and
15 answered.
16           Go ahead.
17           THE WITNESS:  I don't think that gives any
18 evidence for that.  I think, as your expert, Dr. Kleck,
19 says, it is that mass shooters can be purchasing
20 large-capacity magazines to -- because they desire to
21 inflict more harm, more deaths and injuries.
22 BY MR. LINDSAY:
23      Q.   In paragraph 27 of your declaration, you
24 comment upon fatalities per mass shooting with ten-plus
25 magazines or ten or fewer.

BUELL REALTIME REPORTING, LLC
206.287.9066  |  800.846.6989

Exhibit 3 - Lindsay Decl. (Allen Depo.)
Page 13 of 17
2ab7a796-4844-47d2-a26e-1e27b7d0d1e5

Page 64

1  shortly.  I just have some follow-up questions here.
2          Ms. Allen, I really do appreciate you
3  explaining your opinions today and being patient with
4  me as I ask you questions.
5          I'm going to ask you questions about things
6  that you may or may not have any opinions on.  And it
7  may be that other defense experts will discuss these
8  topics.
9          Do you have an opinion as to whether
10  Measure 114 prohibits the possession or use of weapons
11  that were common -- in common use at the time of the
12  2nd or 5th -- 14th Amendments were ratified?
13      A.  I do not.  I do not have --
14      Q.  Do you have an opinion --
15      A.  Yeah.
16      Q.  Do you have an opinion as to whether
17  Measure 114, as part of a historical tradition,
18  delimits the outer bounds of the right to keep and bear
19  arms?
20      A.  No.
21      Q.  Do you have an opinion as to whether
22  Measure 114 addresses a general societal problem that
23  has persisted since the 18th century?
24      A.  I have -- I don't have an opinion.  I've not
25  been asked to look at that.

BUELL REALTIME REPORTING, LLC
206.287.9066  I  800.846.6989

Exhibit 3 - Lindsay Decl. (Allen Depo.)
Page 14 of 17
2ab7a796-4844-47d2-a26e-1e27b7d0d1e5

Oregon Firearms Federation, Inc., et al. v. Kotek, et al. (Consolidated)                                      Lucy P. Allen

Page 65

1  Q. Do you have an opinion as to whether
2  Measure 114 is similar to historical regulation
3  addressing a societal problem that has persisted since
4  the 18th century?
5  A. No.
6  Q. Do you have any opinions as to how Measure 114
7  burdens a law-abiding citizen's right to armed
8  self-defense?
9            MR. MARSHALL: Objection. Calls for a
10 legal conclusion.
11           Go ahead.
12           THE WITNESS: I don't believe so, unless
13 something in my declaration speaks to that.
14 BY MR. LINDSAY:
15 Q. And when you say you don't believe so, does
16 that mean you don't believe you have an opinion? Or do
17 you -- are you saying you don't believe that it
18 burdens?
19 A. Oh, I don't believe that I have an opinion
20 other than what is -- what might be reflected in my
21 declaration.
22 Q. Do you have an opinion as to whether firearms
23 with magazines that accept ten or more rounds of
24 ammunition are in common use today?
25 A. I have not been asked to analyze that, no.

BUELL REALTIME REPORTING, LLC
206.287.9066 | 800.846.6989

Exhibit 3 - Lindsay Decl. (Allen Depo.)
Page 15 of 17
2ab7a796-4844-47d2-a26e-1e27b7d0d1e5

Case 3:22-cv-01859-IM   Document 139-3   Filed 05/15/23   Page 16 of 17

Oregon Firearms Federation, Inc., et al. v. Kotek, et al. (Consolidated)                                    Lucy P. Allen

Page 66

1   Q.  Do you have an opinion as to whether firearms
2   with magazines that carry more than ten rounds of
3   ammunition are in common use for self-defense today?
4       A.  Not specifically, no.  I mean, some of the
5   analysis in my report that we have already discussed
6   could possibly touch on that, but I have not been asked
7   to, nor do I have a specific opinion on that, more
8   generally, as you've asked it.
9       Q.  Do you agree that firearms with magazines that
10  accept more than ten rounds of ammunition are
11  purchased, kept, and used legally by millions of
12  Americans?
13      A.  I don't know.
14      Q.  Similar question.
15          Do you agree that millions of law-abiding
16  Americans own firearms with magazines with more than
17  ten rounds of ammunition?
18      A.  I don't know.
19      Q.  Do you have an opinion as to whether the
20  Supreme Court decision in Bruen was correctly decided?
21      A.  I don't have a professional opinion about
22  that.
23      Q.  Do you have a personal opinion about that?
24      A.  It personally doesn't -- I don't understand
25  the legal -- I do not understand how it makes sense

BUELL REALTIME REPORTING, LLC
206.287.9066  |  800.846.6989

Exhibit 3 - Lindsay Decl. (Allen Depo.)
Page 16 of 17
2ab7a796-4844-47d2-a26e-1e27b7d0d1e5

Case 3:22-cv-01859-IM   Document 139-3   Filed 05/15/23   Page 17 of 17

Oregon Firearms Federation, Inc., et al. v. Kotek, et al. (Consolidated)  Lucy P. Allen

Page 72

C E R T I F I C A T E

STATE OF WASHINGTON

COUNTY OF PIERCE

I, Tia Reidt, a Certified Court Reporter in and for the State of Washington, do hereby certify that the foregoing transcript of the deposition of LUCY P. ALLEN, having been duly sworn, on April 4, 2023, is true and accurate to the best of my knowledge, skill and ability. Reading and signing was requested pursuant to FRCP Rule 30(e).

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 10th day of April, 2023.

/S/ Tia B. Reidt
Tia B. Reidt,
NOTARY PUBLIC, State of Washington.
My commission expires 5/15/2026.

BUELL REALTIME REPORTING, LLC
206.287.9066 | 800.846.6989

Exhibit 3 - Lindsay Decl. (Allen Depo.)
Page 17 of 17
2ab7a796-4844-47d2-a26e-1e27b7d0d1e5