IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **OREGON FIREARMS FEDERATION, et al.**,<br><br>Plaintiffs,<br><br>v.<br><br>**TINA KOTEK, et al.**,<br><br>Defendants,<br>and<br><br>**OREGON ALLIANCE FOR GUN SAFETY**,<br><br>Intervenor-Defendant.<br>_____<br>**MARK FITZ, et al.**, | Case No. 2:22-cv-01815-IM (Lead Case)<br>3:22-cv-01859-IM (Trailing Case)<br>3:22-cv-01862-IM (Trailing Case)<br>3:22-cv-01869-IM (Trailing Case)<br><br><br>**ORDER RE: ADMISSION OF LEGISLATIVE FACTS INTO EVIDENCE** |

1 – ORDER

        Plaintiffs,

    v.

**ELLEN F. ROSENBLUM, et al.**,

        Defendants.

_____

**KATERINA B. EYRE, et al.**,

        Plaintiffs,

    v.

**ELLEN F. ROSENBLUM, et al.**,

        Defendants,

  and

**OREGON ALLIANCE FOR GUN SAFETY,**

        Intervenor-Defendants.

_____

**DANIEL AZZOPARDI, et al.**,

        Plaintiffs,

    v.

**ELLEN F. ROSENBLUM, et al.**,

Defendants.

---

**IMMERGUT, District Judge.**

On June 2, 2023, this Court held a hearing on evidentiary issues and other pretrial matters. At the hearing, this Court heard argument on whether marked exhibits proposed by Plaintiffs should be admitted as legislative facts, rather than adjudicative facts. Commentators have described the difference as follows: Adjudicative facts resolve factual disputes pertaining to the elements of the claims at issue in a particular case. *See Perry v. Brown*, 671 F.3d 1052, 1075 (9th Cir. 2012), *vacated sub nom. Hollingsworth v. Perry*, 570 U.S. 693 (2013) ("Adjudicative facts are . . . the types of 'facts that go to a jury in a jury case,' or to the factfinder in a bench trial."). Legislative facts, on the other hand, are "those which have relevance to legal reasoning and the lawmaking process." Fed. R. Evid. 201 advisory committee's note on Proposed Rules; *see also United States v. Bello,* 194 F.3d 18, 22 (1st Cir. 1999) ("Whether a fact is adjudicative or legislative depends not on the nature of the fact—e.g., who owns the land—but rather on the use made of it (i.e., whether it is a fact germane to what happened in the case or a fact useful in formulating common law policy or interpreting a statute) and the same fact can play either role depending on context."). Legislative facts include information that a party wishes a court to consider in interpreting a law.

Based on the issues discussed at the hearing, this Court finds that there are facts in dispute in this case that must be determined through the adjudicative process and in compliance with the Federal Rules of Evidence and the Federal Rules of Civil Procedure. This Court, therefore, exercises its discretion to apply the Federal Rules of Evidence in performing its adjudicatory function, consistent with Federal Rule of Evidence 104. This Court also finds that this approach is consistent with the Supreme Court's instruction in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*. 142 S. Ct. 2111, 2130 n.6 (2022) ("The job of judges is not to resolve historical questions in the abstract; it is to resolve legal questions presented in particular cases or controversies. That 'legal inquiry is a refined subset' of a broader 'historical inquiry,' and it relies on 'various evidentiary principles and default rules' to resolve uncertainties . . . For example, '[i]n our adversarial system of adjudication, we follow the principle of party presentation.' Courts are thus entitled to decide a case based on the historical record compiled by the parties.") (citations omitted).

Plaintiffs have characterized a number of proposed exhibits as legislative facts that they would like this Court to consider. This Court finds that such legislative facts are not admissible to resolve disputed facts essential to the elements of Plaintiffs' claims unless they comply with the Federal Rules of Evidence. Nonetheless, this Court makes clear that if there are exhibits that Plaintiffs would like to offer and have received into the evidentiary record, Plaintiffs may argue the admissibility of these materials under the Federal Rules of Evidence. For example, if Plaintiffs can establish the foundation of a proposed exhibit or call an expert to testify about a proposed exhibit consistent with Federal Rule of Evidence 703, the Court will consider the exhibit's admissibility.

4 – ORDER

If, by contrast, Plaintiffs cannot satisfy the Federal Rules of Evidence and wish to treat certain materials, such as law review articles, as legislative facts only, Plaintiffs shall provide this Court with a separate list of such materials. This separate list must include a clear description of the purpose for which Plaintiffs want this Court to consider these materials and, for each document, shall reference the particular part of the *Bruen* framework for which the material will aid this Court's legal analysis. This list of legislative facts will not be part of the evidentiary record in this case and, therefore, will not be considered to resolve disputed facts. However, these materials may be relied upon by this Court to the extent that they are pertinent to analyzing the law as it applies to this case. Moreover, where the parties have stipulated to the admission of particular exhibits that Plaintiffs assert are legislative facts, this Court will receive those exhibits as part of the evidentiary record.

Plaintiffs are ORDERED to provide a list of legislative fact exhibits to Defendants by June 4, 2023 at noon, in accordance with the instructions in this Order. Defendants are not required to respond, but, if Defendants would like to respond at this stage, they may indicate objections on Plaintiffs' list or may separately file objections. As discussed at the hearing, Defendants may also present evidence to counter the points raised in Plaintiffs' offered legislative facts. Further, Defendants will have an opportunity to more fully respond to Plaintiffs' materials at a later date, if they choose. Plaintiffs' list, as well as any objections by Defendants at this stage, must be filed with this Court by June 5, 2023 at 8:00 a.m.

**IT IS SO ORDERED.**

DATED this 2nd day of June, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge